COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


CAMERON DERBY BRUEMMER

                                                          OPINION BY
v.        Record No. 2205-04-4                   JUDGE JAMES W. HALEY, JR.
                                                         AUGUST 2, 2005
RUSSELL JOHN BRUEMMER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

Robert E. Shoun (Susan M. Butler; Shoun, Bach & Walinsky, P.C.,
on briefs), for appellant.

Richard C. Shadyac, Jr. (Keenan R. Goldsby; Feldesman Tucker
Leifer Fidell, LLP, on brief), for appellee.


I.

Cameron Derby Bruemmer (wife) appeals the August 30, 2004 final decree granting her a

divorce from Russell John Bruemmer (husband).  On appeal, wife contends the trial court erred in

(1) setting the original amount of spousal support, (2) providing for time-related decreases in

spousal support, (3) setting a duration period for spousal support, (4) excluding certain portions of

husband's income in calculating husband's gross income for child support calculation purposes, and

(5) failing to award her attorney's fees.  Both parties seek an award of attorney's fees and costs

incurred in connection with this appeal.

For reasons that follow, we affirm the court's decree.

II.

Code § 20-107.1(C) states: "The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."

When awarding support for a defined duration, the court is required to identify "the factors in [Code § 20-107.1(E)] . . . [and explain the] basis for the nature, amount and duration of the award and, if appropriate, a specification of the events and circumstances reasonably contemplated by the court which supports the award." Code § 20-107.1(F).

III.

After extensive *ore tenus* hearings, the trial court awarded wife spousal support of six years duration, beginning at $12,000 per month for the first year following entry of the divorce decree, $10,000 per month in years two, three, and four, $7,500 per month in year five, concluding with $5,000 per month in year six. We note wife was granted a reservation of support for fifteen years, permitting wife to seek redress at any time pursuant to Code § 20-109.

The salient facts relevant to the provisions of Code § 20-107.1(E) upon which the trial court founded its award for spousal support may be summarized as follows:

The parties married on April 27, 1991 and separated on or about November 8, 2002. Husband is 51, wife is 50, and both are in excellent health. Two children were born of the marriage, and husband adopted wife's two children from her previous marriage. The oldest adopted child, despite dyslexia, is seventeen, a senior, and on schedule to graduate from high school with grades commensurate with planned applications for entry to Duke University and the University of Virginia. The second adopted child is sixteen, likewise on schedule to graduate, and described as "very bright." The natural children of the parties are aged twelve and eleven. The court heard evidence involving various psychological disorders that these children may

experience.  Nonetheless, both younger children are highly successful at academics and participate in regular school activities such as sports and dance.  It was wife's position that various psychological and learning problems experienced by the children in the past require her continuing services as a caretaker and preclude her outside employment.  Though some special needs remain, the trial court noted the extensive professional help each of the children had had in the past, and concluded that:  "These children are different now, though . . . . They are doing very well in school.  And they are physically out of the home the hours that one would expect a child to be out of the home when they go to school."  In addition, by the parties' agreement, the two oldest children will be in the custody and care of the father 20% of the time, and the two younger children 40% of the time.

Throughout the parties' marriage, husband worked as a partner in a multi-state law firm.  Based upon husband's earnings in prior years, the court projected his gross income for 2003, without deductions, to be between $1.2 and $1.3 million.  At the time of the parties' marriage in 1991, wife worked for the federal government in Washington, D.C. earning approximately $100,000.  Though wife has not worked outside the home since January 1993, husband's vocational expert testified that, based upon her extensive government experience and contacts, wife could earn between $89,000 and $100,000 immediately.  The trial court concluded that: "The jobs that are available to her are open because of her extraordinary experience and the people she knows in the government."  Despite this present ability for employment, the court imputed no income to the wife for immediate spousal or child support purposes.  Rather, the court concluded wife could be working part-time in two years and full-time in five years.

The parties had entered into a settlement agreement that evidenced their respective property interests.  Wife has assets of $2.3 million, of which $1.6 million is in cash or liquid equivalent.  The court found wife's investment income to be a "conservative" figure of $75,000

per year, even though the uncontradicted evidence was that it had averaged $166,000 per year for the preceding four-year period. In addition, wife would be receiving a lump sum monetary award of $600,000 within sixty days of trial, from which she will derive $9,000 per year interest, and receives $8,900 per year civil service survivor benefits. She also receives $26,856 per year from social security for the benefit of the two older children. Wife has no debt other than a mortgage upon a residence she purchased post-separation.

The foregoing income, to which would be added $12,000 per month spousal support, totals $22,000 per month. The court conducted a detailed evaluation of wife's claims for monthly expenses and found the same commensurate with her needs and accustomed standard of living, to be $21,500 per month.

As noted above, husband's projected income, without deductions, was approximately $1.25 million for the then present year. He has $1.1 million in assets, less than one-half of the wife's, and the majority of assets are non-liquid, such as his interest in the former marital residence and his law firm partnership. Husband's significant debts include a mortgage of $1 million on the parties' former residence, which was incurred as a result of husband's purchase of wife's interest and the need to fund the wife's monetary award under the property settlement agreement.

IV.

Specifically applicable to the instant issues concerning spousal support is Srinivasan v. Srinivasan, 10 Va. App. 728, 396 S.E.2d 675 (1990). There this Court held that:

> A court may under appropriate circumstances impute income to a party seeking spousal support. This conclusion logically flows from the principle that one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of support need. . . . Code § 20-107.1 directs the court to consider as a factor, in setting the amount of spousal support, the earning capacity of the "parties" . . . [and a party is] entitled to a reasonable time to secure employment.

- 4 -

Id. at 734, 396 S.E.2d at 679 (citations omitted); see also Joynes v. Payne, 35 Va. App. 386, 545 S.E.2d 561 (2001).

In a detailed and comprehensive ruling from the bench, covering thirty-one pages of the record, the trial court addressed each of the required factors set forth in Code § 20-107.1(E) and, in accordance with Code § 20-107.1(F), detailed the circumstances supporting its decision as to the initial amount, decreasing amounts, and duration of spousal support. As noted above, the trial court did not impute income to the wife at the present time. But the trial court did determine the issue of spousal support in the context of the "reasonable foreseeable future." See Young v. Young, 3 Va. App. 80, 348 S.E.2d 46 (1986).[1] Likewise, as this Court stated in finding that a termination of spousal support was within the trial court's discretion, "the legislature obviously contemplated that circumstances exist in which defined duration spousal awards are appropriate." Torian v. Torian, 38 Va. App. 167, 184, 562 S.E.2d 355, 364 (2002).

In Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005), this Court recently summarized the principles here applicable:

> In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998). Accordingly, our review is limited to determining whether the trial court clearly abused its discretion. Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). That being said, the trial court's findings "must have some foundation based on the evidence presented." Id. Where that evidentiary foundation exists and the record discloses that the trial court "has given due consideration to each of [the

---

[1] Unlike Thomas v. Thomas, 217 Va. 502, 505, 229 S.E.2d 887, 890 (1976), or Brooks v. Brooks, 27 Va. App. 314, 318, 498 S.E.2d 461, 463 (1998), here the record is not "devoid of any evidence" that wife will be unable to contribute to her own support "in the reasonably foreseeable future."

statutory] factors," we will not disturb its determination as to spousal support on appeal. See Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983); see also Gamble, 14 Va. App. at 574, 421 S.E.2d at 644.

The trial court ordered current spousal support sufficient to cover wife's current expenses. Thereafter, the incrementally decreasing support is reflective of the older children coming of age, the younger children approaching college, and the significant portion of time all the children will be in the father's custody. Likewise, the decreases in, and termination of, spousal support are reasonable in light of wife's obligation to contribute to her own support, her earning capacity, and the wide disparity in assets, with accompanying passive income, between the parties. Finally, the provisions of Code § 20-109 permit wife for fifteen years to seek modification of support as future "circumstances may make proper."

Consistent with these principles, and noting the reservation of support, we conclude the trial court did not abuse its discretion in setting the original amount, decreasing amounts, and termination of spousal support.

V.

Wife also contends the "trial court erred in setting child support by excluding certain portions of [husband's] income from consideration in applying Virginia's statutory child support guidelines."

As noted, husband is a partner in a multi-state law firm. The evidence shows that of husband's 2003 gross income of $1,029,924, deductions were $77,614 for income taxes assessable against the firm and payable to various jurisdictions, $31,441 to a 401K plan, $106,800 for a firm capital contribution plan, and $25,300 for a firm defined contribution plan. With respect to the taxes levied upon his firm, husband testified they represented funds he did not receive and would never receive. Code § 20-108.2(C) excludes from gross income for child support purposes "reasonable business expenses for persons with income from . . . a

- 6 -

partnership . . . ." Accordingly, the trial court deducted them from husband's gross income for child support calculation.

In Frazer v. Frazer, 23 Va. App. 358, 376-79, 477 S.E.2d 290, 299-300 (1996), this Court, applying the quoted statutory language, held that "voluntary" contributions to a retirement plan were not deductible from gross income for spousal support purposes. The Court noted: "Husband *unilaterally* chose to contribute $30,000 of actual income into a retirement scheme of his own choosing and for his sole benefit." Id. at 379, 477 S.E.2d at 300 (emphasis added). Here, the unrebutted testimony is that the 401K contribution, the Deferred Benefit Plan, and the capital contribution were mandatory non-interest bearing deductions. The decision to deduct, and the amount of the deductions, were determined by vote of the partnership, not by the discretion of an individual partner, and the funds deducted would not be available to a partner for a number of years following his retirement or withdrawal from the firm. Thus, in accordance with the rationale in Frazer, the trial excluded these deductions in determining income for child support purposes. Supported by uncontroverted evidence, that decision will not be disturbed upon appeal. Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

## VI.

Wife asserts the trial court erred by failing to award her attorney's fees.

We are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Under the instant circumstances, we cannot conclude that the trial court abused its discretion in denying wife's request.

With respect to the request for an award of attorney's fees in this appeal, we have held:

> The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts

> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Accordingly, we

find no such circumstances exist and hold that neither party is entitled to costs or attorney's fees

in this matter.

For the reasons stated above, we affirm the trial court's decision.

Affirmed.