COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Beales
Argued at Alexandria, Virginia


VIRGINIA P. BOLTON
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2723-06-4                      JUDGE LARRY G. ELDER
                                                         JULY 3, 2007
DAVID M. BOLTON


                  FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                           H. Harrison Braxton, Jr., Judge

                  Lawrence D. Diehl for appellant.

                  Mary Beth Long (T. Michael Blanks & Associates, on brief), for
                  appellee.


        Virginia P. Bolton (wife) appeals from a final decree of divorce ruling that David M.

Bolton (husband) was relieved of any future obligation to pay her spousal support.  On appeal,

she contends the court erroneously denied her request for support in light of the fact that the

commissioner recommended it, husband filed no exception to that recommendation, and the

court had insufficient facts upon which to base a denial of support.  She also contends the trial

court erred in denying the request for support without making the written findings and

conclusions required by the spousal support statute.  Finally, she requests an award of attorney's

fees and costs.  Husband opposes wife's assignments of error and makes his own request for an

award of fees and costs.  We hold the court erred in failing to make the written findings required

to support its denial of spousal support.  Thus, we reverse the denial and remand for further

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

proceedings consistent with this opinion.  We decline the parties' competing requests for attorney's fees and costs.

I.

A.

WRITTEN FINDINGS AND REFUSAL TO AWARD SPOUSAL SUPPORT

Code § 20-107.1(F), as amended in 1998, provides as follows:

> In contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order.  If the court awards periodic support for a defined duration, such findings shall identify the basis for the nature, amount and duration of the award and, if appropriate, a specification of the events and circumstances reasonably contemplated by the court which support the award.

See also 1998 Va. Acts ch. 604; Breummer v. Breummer, 46 Va. App. 205, 207, 616 S.E.2d 740, 740-41 (2005) (recognizing new statutory requirement).  Although a trial court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors" in Code § 20-107.1(E), Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986), it is required, under Code § 20-107.1(F), to identify those factors listed in subsection (E) that support the court's award of spousal support in the amount and for the duration awarded.

Here, the trial court's written explanation in the final decree for its denial of an award of spousal support was limited to the following:  "[T]he Court, having considered the factors set forth in Section 20-107.1 of the Code of Virginia, as amended, makes the following provisions for spousal support:  [Wife] is denied any further spousal support effective September 5, 2006."  The final decree incorporated the commissioner's report "by reference as if fully set forth herein," but the decree also specifically disclaimed incorporation of "those portions of the Commissioner's Report in conflict with this Order."  Thus, even assuming some of the

- 2 -

commissioner's written findings regarding spousal support were effectively incorporated into the final decree, nevertheless, the decree neither contains nor incorporates any written explanation for why the trial court denied wife's request for spousal support when the commissioner had recommended making an award for a defined duration. Assuming without deciding that the trial court's October 3, 2006 memorandum to the file, in which the court noted wife had returned to work and no longer had custody of the children, contains sufficient written findings to explain the basis for the denial of spousal support, the final decree does not incorporate that memorandum, and nothing in the record indicates that the parties had contemporaneous knowledge of the filing of that memorandum. Thus, those written findings do not "accompan[y]" the denial of support as required by Code § 20-107.1. Similarly, to the extent the transcript of the trial court's statements from the bench on September 5, 2006, might constitute sufficient written findings if incorporated into the final decree, the trial court also did not incorporate those findings.

Because the trial court failed to make the necessary written findings to accompany its denial of spousal support, we remand to the trial court for additional proceedings consistent with this opinion. We also note for purposes of remand that a denial of a request for spousal support must take into consideration the income and expenses of both parties. See Code § 20-107.1(E)(1). Assuming the trial court was entitled to treat as a stipulation the statement of wife's counsel that wife had obtained full-time employment, nothing in the record establishes how much wife was earning. Wife's counsel's statements also indicate that wife had obtained her own residence, which meant that she no longer resided with the elderly woman for whom she had cared in exchange for a portion of her room and board. Thus, the evidence presented to the commissioner regarding wife's expenses also likely was no longer accurate.

B.

ATTORNEY'S FEES AND COSTS ON APPEAL

The parties have filed competing requests for attorney's fees and costs incurred on appeal. We decline those requests.

Because wife's appeal addressed "appropriate and substantial issues," Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), and husband has not prevailed, we do not award him fees or costs. Although wife prevailed, we also see no reason to grant her request for an award of attorney's fees and costs. The record contains no evidence of wife's actual income at the time of entry of the final decree appealed from, but it does indicate that she received substantial assets pursuant to the parties' property settlement agreement, which was incorporated into the final decree. Further, the errors requiring appeal and reversal were not the fault of husband, and the record contains no indication that he "generated unnecessary delay or expense in pursuit of [his] interests." Id. Thus, we deny wife's request for an award of fees and costs in this appeal.

II.

For these reasons, we reverse the trial court's denial of spousal support, deny the parties' competing requests for attorney's fees, and remand for further proceedings consistent with this opinion.

Reversed and remanded.