COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Beales
Argued by teleconference


CAROL BOGOSSIAN BERRYHILL

MEMORANDUM OPINION* BY
v.        Record No. 2821-06-4            JUDGE LARRY G. ELDER
JULY 31, 2007
JEFFREY SCOTT BERRYHILL


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Lon E. Farris, Judge

Gregory M. Van Doren for appellant.

Bruce A. Gross (Joseph C. Swetnam; Bruce A. Gross & Associates,
PC, on brief), for appellee.


Carol Bogossian Berryhill (wife) appeals from a spousal support award entered as part of

the final decree dissolving her marriage to Jeffrey Scott Berryhill (husband).  On appeal, wife

contends the trial court erroneously failed to make any written findings to explain its award of

spousal support and the fact that the award was for a defined duration.  She also contends the

evidence failed to support the trial court's decision to impute income to her and to award her

support in a particular amount and for a defined duration.  Based on the trial court's failure to

make written findings to support its spousal support award as required by Code § 20-107.1(F),

we reverse the award of spousal support and remand for additional proceedings consistent with

this opinion.

Code § 20-107.1(F), as amended in 1998, provides as follows:

> In contested cases in the circuit courts, any order granting,
> reserving or denying a request for spousal support shall be

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order. If the court awards periodic support for a defined duration, such findings shall identify the basis for the nature, amount and duration of the award and, if appropriate, a specification of the events and circumstances reasonably contemplated by the court which support the award.

See also 1998 Va. Acts, ch. 604; Breummer v. Breummer, 46 Va. App. 205, 207, 616 S.E.2d 740, 740-41 (2005) (recognizing new statutory requirement). Although a trial court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors" in Code § 20-107.1(E), Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986), it is required, under Code § 20-107.1(F), to identify those factors listed in subsection (E) that support the court's award of spousal support in the amount and for the duration awarded.

Here, the trial court's written explanation in the final decree for its award of spousal support was limited to the following: "Having considered the factors as listed in §20-107.1 of the 1950 Code of Virginia, as amended, the Court awards spousal support and maintenance to Wife in the amount of $2,250 per month, beginning October 1, 2006, for a period of eight years."

We assume without deciding that we may consider the trial court's statements from the bench, although they were not incorporated into the trial court's final decree. Nevertheless, those statements, although more detailed as to the court's decision to impute income to wife, were similarly deficient as to the other factors relevant to its award of spousal support for a defined duration:

> As to imputing income, the Court imputes income to the wife in the amount of $15,000 per year, taking into account Dr. Bird's testimony that employment is available at a temporary placement agency and taking into account the physical disabilities of the [parties'] daughter which would cause the wife to need to work no more than part-time.

> Spousal support and maintenance. Having considered the factors listed in Section 20-107.1, the Court awards spousal support and maintenance to the wife in the amount of $2,250 per month for a period of eight years beginning October 1, 2006.

The trial court thus failed adequately to identify (1) "the factors in subsection E" that supported its order and (2) "the basis for the nature, amount and duration of the [defined duration] award." See Code § 20-107.1(F). Further, wife endorsed the final order "Seen and objected to" because, *inter alia*, "The court made no findings as required by Section 20-107.1(F). Code identifying the factors in subsection E. 20-107.1 which support the Court's order and identify the events and circumstances reasonably contemplated by the Court which support the award of spousal support for a defined duration." This objection, although inartfully worded, was sufficient to preserve wife's assignment of error for appeal. See, e.g., Torian v. Torian, 38 Va. App. 167, 185-86, 562 S.E.2d 355, 365 (2002) (holding party must bring to attention of trial court contention that court failed to satisfy requirements of Code § 20-107.1(F) to give it an opportunity to correct claimed error).

Given the absence of the written findings and conclusions required by Code § 20-107.1(F) to support the award, we reverse the award and remand to the trial court for further proceedings consistent with this opinion. We do not consider wife's claim that the record contains insufficient evidence to support the trial court's decision to impute income to her or to support the amount and duration of the award. Because these are factors upon which Code § 20-107.1(F) required the trial court to make specific findings, both the goals of the statute and the interests of judicial economy will be better served by our reviewing these issues after the trial court has made all required findings rather than in a piecemeal fashion.

Reversed and remanded.

- 3 -