COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


WILLIAM F. HARBER
                                                        MEMORANDUM OPINION* BY
v.        Record No. 0559-07-1                          JUDGE JAMES W. HALEY, JR.
                                                        JANUARY 15, 2008
CHARLENE M. HARBER


           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Christopher W. Hutton, Judge

           Charles E. Haden for appellant.

           Lawrence D. Diehl (Barnes & Diehl, P.C., on brief), for appellee.


                               I.  Introduction

        William F. Harber (husband) appeals the final decree of the Circuit Court of the City of

Hampton, awarding Charlene M. Harber (wife) spousal support in the amount of $3,000 per

month.  He maintains the circuit court erred (1) in concluding as a matter of law that income

could be imputed to him after he retired at a normal retirement age, (2) in finding the evidence

sufficed to impute such income, and (3) in setting spousal support where wife's expenses

reflected expenses of two adult children.  For the following reasons, we reverse and remand to

the circuit court for proceedings consistent with this opinion.  We deny wife's request for

attorney fees associated with this appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## II. Facts

The parties were married in 1974 and had two children, now both adults. Husband has a degree from The Johns Hopkins University in computer science. Wife has a high-school education. Husband was the primary financial provider throughout the marriage.

Husband, now 71, worked for a company called FOCUS Professional Services as a computer specialist earning approximately $68,000 per year. In 2005, at age 69, husband voluntarily retired from FOCUS, separated from wife, and in June of that year moved to Florida, apparently to pursue a romantic interest.

Wife filed for divorce in May 2005. Relevant provisions of a property settlement agreement dated December 1, 2006 required husband to pay spousal support of $2,875 per month "until further order of the court"[1] and equally divided the proceeds of an anticipated sale of the marital residence.

The following relevant evidence was adduced at a spousal support hearing on December 13, 2006.

Husband's retirement pension is $1,259 gross per month, and he receives Social Security retirement benefits of $1,782 gross per month. Income tax and Medicare deductions leave husband with net income of $2,320 per month. Husband testified to expenses of approximately $5,400 per month. Since his move to Florida husband has had removed a number of skin cancers and developed kidney function irregularities. He had anticipated living upon his retirement benefits, but found he could not. He has submitted 49 applications to schools to teach computer science, and 91 applications for work as a clerk in stores such as Office Max, Office Depot,

---

[1] This sum reflected a determination of spousal support made during a *pendente lite* hearing of September 16, 2005.

Lowe's, Sears, etc., without receiving a job offer. He surmised the lack of an offer was because of "my age."

After sale of the marital residence, wife testified she would move into a three-bedroom apartment, with her two adult children living with her, at a rent of $1,240 per month. Wife admitted that all her other claimed monthly expenses, such as food, electricity, trash, cable, and oil/gas, included the expenses of the adult children. Wife sought spousal support of $3,500 per month. At the time of the support hearing wife was 58 years old. When the parties separated, wife was working fulltime as a maintenance secretary, earning $9.50 per hour. In January 2006, she had suffered a workplace injury and was receiving approximately $1,360 per month in workers' compensation benefits. She acknowledged she was "physically able to work . . . when [her] doctor releases me."

Wife offered no evidence of job availability for husband nor any evidence rebutting husband's evidence concerning his attempts to find a job in Florida. Rather, she relied solely upon husband's pre-retirement income as the basis of his capacity to pay spousal support.

By letter opinion dated December 21, 2006 the court wrote: "testimony has indicated that [husband's] ending salary [at FOCUS] exceeded $60,000 per year." The court concluded husband, upon retirement, "had not secured new employment consistent with a reasonable continuation of responsibilities to his wife. Despite efforts to do so by [husband], no such employment has still been secured." The court nonetheless imputed income to husband, but the opinion letter does not determine any amount of imputation.

The court continued that wife's expenses were "mildly elevated in light of the continued residence by adult children," but only reduced wife's request of $3,500 spousal support to $3,000. The court concluded it had considered the "factors of [Code] § 20-107.1, including, but not limited to: 1, 2, 3, 8, 9 and 11." The court offered no other recital of its rationale for its

decision. The spousal support award was included in the final decree of divorce entered March 2, 2007, the subject of this appeal.

## III. Analysis

Code § 20-107.1(C) provides that a court "may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof." The law intends to "provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay." Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990). Any award of spousal support "'must be based upon the circumstances in existence at the time of the award.'" Barker v. Barker, 27 Va. App. 519, 528, 500 S.E.2d 240, 244 (1998) (quoting Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987)). Courts may not base spousal support on "an uncertain future circumstance." Jacobs v. Jacobs, 219 Va. 993, 995-96, 254 S.E.2d 56, 58 (1979).

Circuit courts have significant discretion in awarding and determining the amount of spousal support. Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005). This Court limits its review of spousal support awards "to determining whether the trial court clearly abused its discretion." Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005). Where the circuit court has held an *ore tenus* hearing, the circuit court's decision must be "'plainly wrong or without evidence in the record to support it'" for this Court to reverse. Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

### A. Whether the Circuit Court May Impute Income to Husband Where Husband Has Reached Retirement Age

Husband first argues the circuit court erred in considering imputing income to him since he has exceeded retirement age and should have the right to retire to a lower income. Wife contends the circuit court had discretion to find husband should work beyond normal retirement age. She argues husband could not retire if the economic effect of that retirement is to diminish the parties' lifestyle.

In determining the parties' income for spousal support purposes, "a court may impute income to a party who is voluntarily unemployed or underemployed." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994). Imputation occurs because the law does not permit a payor spouse to elect a low paying position to the detriment of the spouse receiving support. O'Hara v. O'Hara, 45 Va. App. 788, 798, 613 S.E.2d 859, 864 (2005). Where a party has the ability to pay support and changes work in "a bona fide and reasonable business undertaking, the risk of his success at his new job" rests upon the payor. Antonelli v. Antonelli, 242 Va. 152, 156, 409 S.E.2d 117, 119 (1991). Factors for a court to consider include a party's "earning capacity, financial resources, education and training, ability to secure education and training, and other factors relevant to the equities" of the spouses. Joynes v. Payne, 36 Va. App. 401, 421, 551 S.E.2d 10, 19 (2001).

This Court thoroughly considered whether a court may impute income in spite of a spouse's retirement in Stubblebine v. Stubblebine, 22 Va. App. 703, 473 S.E.2d 72 (1996) (*en banc*). In that case, the payor husband "voluntarily retired after two careers." Id. at 708, 473 S.E.2d at 74. He spent his retirement performing seventy to eighty hours of work per week without compensation. Id. Given the husband's ability to work and the payee wife's needs, this Court upheld imputation of income after retirement. Id. at 709, 473 S.E.2d at 74-75.

Nevertheless, the Court noted it did not intend to "establish a bright-line rule requiring a payor spouse to forgo retirement in order to maintain support obligations at a pre-retirement level. Each case depends on its particular facts." Id. The Court held a circuit court "must take into account the receiving spouse's needs and ability to provide for the needs, and balance those against the other spouse's ability to provide support, even when the payor spouse has retired in good faith at a 'normal' retirement age." Id. at 710, 473 S.E.2d at 75. Circuit courts should "consider each spouse's current circumstances, including the fact that a party has retired, the parties' plans and expectations associated with the retirement, and each parties' [sic] earning capacity and needs at the time of the hearing." Id. at 710-11, 473 S.E.2d at 75.

In this case, we conclude the circuit court did not abuse its discretion in determining husband could have income imputed to him. Husband's ability to work is demonstrated by the fact that he has applied to well over a hundred positions in Florida. Husband has greater earning potential than wife since he possesses a college degree, whereas wife has only a high school education. Thus, the circuit court did not abuse its discretion in finding husband could have income imputed to him in spite of his retirement.

### B. The Evidence Supporting Imputation of Income

Husband next argues that even if the circuit court had authority to impute income to him despite his retirement, the evidence failed to support the court's decision. He contends wife had the burden to show husband could earn an amount greater than his current income, but wife produced no evidence at the hearing. Thus, husband contends the circuit court impermissibly speculated on his ability to earn money. Wife argues the record contained sufficient evidence in the form of the wages husband earned from his pre-retirement employment.

The party requesting an imputation of income "has the burden of proving that the other party is voluntarily foregoing more gainful employment." Blackburn v. Michael, 30 Va. App.

- 6 -

95, 102, 515 S.E.2d 780, 784 (1999). The party may meet this burden by showing "evidence of a higher-paying former job or by showing that more lucrative work was currently available." Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998). "The evidence must only enable the trial judge reasonably to project what amount could be anticipated." Hur v. Va. Dep't of Soc. Servs. Div. of Child Support ex rel. Klopp, 13 Va. App. 54, 61, 409 S.E.2d 454, 459 (1991). Recent past earnings may serve as sufficient evidence. Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993).

However, it is improper to impute income "to the payor spouse on the basis of his pre-retirement earning capacity."[2] Stubblebine, 22 Va. App. at 709, 473 S.E.2d at 74 (citing Donnell v. Donnell, 20 Va. App. 37, 41, 455 S.E.2d 256, 258 (1995)). In Stubblebine, the Court upheld imputation based on post-retirement contract work. Id.

In this case, wife produced no evidence of the extent of husband's post-retirement earning capacity. It is undisputed husband had reached typical retirement age.[3] Husband also testified as to submitting over a hundred job applications without success. Wife, as noted above, had the burden of showing husband voluntarily had declined appropriate employment. She offered no evidence to meet this burden. The only evidence of husband's earning capacity came in the amount he earned at his pre-retirement employment. Yet as noted above, consideration of

---

[2] A change in income due to retirement is fundamentally different than taking another position in a bona fide business decision, which Antonelli held could be held against the payor spouse. Antonelli, 242 Va. at 156, 409 S.E.2d at 119.

[3] In Donnell, the Court suggested retirement in good faith was key to avoiding imputation of pre-retirement income. Donnell, 20 Va. App. at 41, 455 S.E.2d at 258. As noted above, husband had reached normal retirement age. Husband testified he intended to retire after leaving his job at FOCUS, and wife offered no evidence to contradict this. Furthermore, while husband moved to Florida in June 2005, the circuit court did not enter its *pendente lite* decree until September 2005. The parties' property settlement agreement of December 2006 provided husband would continue to pay spousal support at the same amount as the *pendente lite* decree until a final award. Thus, husband did not retire in bad faith.

pre-retirement earning is inappropriate.  Id.; Donnell, 20 Va. App. at 41, 455 S.E.2d at 258.  On this record, it was error for the circuit court to impute income to husband.  Thus, the case must be remanded for a re-calculation of spousal support without imputation of income.[4]

### C.  Whether the Circuit Court Improperly Considered Expenses from Two Adult Children of the Marriage in Calculating Spousal Support

Husband also argues the circuit court erred by considering an expense sheet submitted by wife that improperly reflected expenses of the couple's two emancipated children, who husband has no obligation to support.  Husband contends the circuit court should have reduced spousal support because of the expenses attributable to the children.  Wife argues the circuit court's letter opinion stated it made a reduction due to wife's cohabitation with her adult children and that given wife's low earning capacity, the award should not be considered an abuse of discretion.

Children reach the age of majority at eighteen years of age, Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987), and parents normally have a duty to support their children until this age, Code §§ 16.1-334; 20-61.  Parents typically have no obligation to support children beyond this point.  See Mullin v. Mullin, 45 Va. App. 289, 301, 610 S.E.2d 331, 336 (2005); Germek v. Germek, 34 Va. App. 1, 8, 537 S.E.2d 596, 600 (2000).

The evidence in this case indicates the circuit court improperly ordered husband to pay spousal support for his two emancipated children.  Wife testified her monthly rent for an

---

[4] We note that on remand the circuit court should also more thoroughly explain how it applied the factors of Code § 20-107.1(E).  Code § 20-107.1(F) states that in disputed cases, "any order granting . . . a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order."  Code § 20-107.1(E) lists thirteen factors for a circuit court to consider before awarding spousal support.  In Robinson v. Robinson, 50 Va. App. 189, 195, 648 S.E.2d 314, 317 (2007), we held subsection F imposes a mandatory duty for the circuit court to make explicit "written findings and conclusions identifying the statutory factors that support the court's ruling on a request for spousal support."  Although the circuit court listed the portions of Code § 20-107.1(E) it considered, it gave no findings and conclusions beyond a summary statement.  The circuit court failed to apply the facts of the case to the statutory factors, as required by Code § 20-107.1(F) and Robinson.

apartment would be $1,240, even though the mortgage payments on the marital residence were only $797. This was because wife needed an apartment large enough for her two adult children to live with her. Wife listed this rent on an expense sheet provided to the circuit court. As noted above, she made no adjustment for other costs necessarily attributable to the children.

The circuit court's letter opinion, quoted above, provides no rationale as to how it calculated wife's expenses to come to an award of spousal support. The court simply stated as follows: "She seeks $3,500 per month in spousal support. The expenses she anticipates are mildly elevated in light of the continued residence by adult children of the marriage with Mrs. Harber." The court then awarded $3,000 per month in spousal support. Given the patent impropriety of the above expenses, the Court concludes wife's expenses were elevated at least beyond the level determined by the circuit court. Accordingly, we remand on this issue.

### D. Whether to Award Attorney Fees to Wife

Wife requests the Court grant attorney fees and costs in connection with this appeal. O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Husband has largely prevailed in his appeal. "We deny wife's request for attorney's fees on appeal given husband's position as prevailing party . . . ." Smith v. Smith, 43 Va. App. 279, 291 n.6, 597 S.E.2d 250, 256 n.6 (2004). Therefore, attorney fees and costs are denied.

### IV. Conclusion

For the foregoing reasons, we reverse and remand for calculation of spousal support consistent with our decision.

Reversed and remanded.