COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


CHRISTA P. LIGHTBURN

MEMORANDUM OPINION[*] BY
v.      Record No. 0180-09-2      JUDGE ROBERT J. HUMPHREYS
                                         OCTOBER 13, 2009
ROBERT C. LIGHTBURN


FROM THE CIRCUIT COURT OF MADISON COUNTY
Daniel R. Bouton, Judge

John H. Kitzmann (Kim M. Mattingly; Davidson & Kitzmann,
PLC, on briefs), for appellant.

Connor Crook (D. Michael Atkins; McClure, Callaghan & Atkins,
on brief), for appellee.


In this domestic appeal, Christa P. Lightburn ("wife") appeals a ruling of the Circuit

Court of Madison County, classifying various assets as the separate property of Robert C.

Lightburn ("husband").  Wife contends that husband did not put forth sufficient evidence to rebut

the statutory presumption in favor of classifying those assets as marital property.  Additionally,

wife assigns error to the circuit court's rulings with respect to spousal support and attorney's

fees.  Finally, each party requests an award of appellate attorney's fees and costs.  For the

following reasons, we affirm in part and reverse in part.

"On appeal, we view the evidence in the light most favorable to the prevailing party

below," in this case, husband.  Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669

(1994).  "That principle requires us to 'discard the evidence' of [wife] which conflicts, either

directly or inferentially, with the evidence presented by [husband] at trial."  Congdon v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).  However, as the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  Equitable Distribution

The property at issue in this appeal is as follows:  (1) three vehicles – a 1996 Dodge Caravan, a 1998 Subaru Forrester, and a 2001 Jeep Cherokee (collectively "the vehicles"); (2) a residence and acreage in West Virginia ("the West Virginia residence"); (3) 100% of the shares of Game Bit, Inc.; (4) a 100% membership interest in Game Place, LLC; and (5) a 1% interest in Robert A. Lightburn, LLC.[1]  After hearing extensive testimony and reviewing numerous exhibits concerning, *inter alia*, the respective financial situation of the parties, the standard of living established during the marriage, the duration of the marriage, and the respective earning capacity of husband and wife, the circuit court found that the assets listed above were solely husband's separate property.

"The [circuit] court's classification of property as marital or separate is a factual finding. Therefore, that classification will be reversed on appeal only if it is 'plainly wrong or without evidence to support it.'"  Gilliam v. McGrady, 53 Va. App. 476, 482, 673 S.E.2d 474, 478 (2009) (quoting Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005)). Code § 20-107.3(A)(2) provides, in pertinent part, that "[a]ll property . . . acquired by either spouse during the marriage, and before the last separation of the parties . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property."  Thus,

---

[1] Husband's father owned the remaining 99% membership interest in Robert A. Lightburn, LLC.

"[p]roperty acquired during the marriage is presumptively marital property, unless shown to be separate property," Ranney, 45 Va. App. at 32, 608 S.E.2d at 492, and "[t]he party claiming that property acquired during the marriage is separate property bears the burden of rebutting this presumption," Courembis v. Courembis, 43 Va. App. 18, 34, 595 S.E.2d 505, 513 (2004). [2]

The assets at issue in this appeal were acquired during the marriage, and before the last separation of the parties. Therefore, husband bore the burden of producing "satisfactory evidence" to rebut the presumption that these assets were marital property. Code § 20-107.3(A)(2). For the sake of simplicity, we will analyze each of the assets individually.

## A. The Vehicles

Wife argues that the circuit court's classification of the vehicles as husband's separate property was plainly wrong and unsupported by the evidence. Specifically, wife argues that husband failed to produce sufficient evidence to rebut the statutory presumption in favor of classifying the property as marital. We agree.

Husband and wife married in August of 1995 and separated in August of 2006. During their eleven-year marriage the parties acquired three vehicles: a 1996 Dodge Caravan, a 1998 Subaru Forrester, and a 2001 Jeep Cherokee. At trial, husband neither testified that the vehicles were purchased with his separate property, nor produced any documentary evidence so demonstrating. "'If no evidence is presented upon which a chancellor could properly identify and then classify an item as separate or marital property, faced with the statutory presumption and the lack of satisfactory evidence to rebut it, the chancellor must classify the property as marital.'" Courembis, 43 Va. App. at 35, 595 S.E.2d at 513 (quoting Stainback v. Stainback, 11

---

[2] "Marital property is all property titled in the names of both parties and all other property acquired by each party during the marriage which is not separate property, i.e., property received during the marriage by bequest, devise, descent, survivorship or gift from someone other than the spouse." Gilliam, 53 Va. App. at 482, 673 S.E.2d at 478 (citing Code § 20-107.3(A)(2)).

Va. App. 13, 17, 396 S.E.2d 686, 689 (1990)).  Because husband did not provide any evidence to rebut the statutory presumption, the circuit court erred in classifying the vehicles as husband's separate property.[3]  Thus, we reverse that portion of the circuit court's ruling.

### B.  The West Virginia Residence

Wife argues that the circuit court's classification of the West Virginia residence as husband's separate property was plainly wrong and unsupported by the evidence.  Wife contends that husband's "unclear, bare, [and] uncorroborated" testimony was not sufficient to rebut the statutory presumption in favor of classifying the property as marital.  However, contrary to wife's contention, the record contains far more to support the circuit court's ruling than husband's testimony alone.

In May of 1996, husband purchased approximately seventeen acres of land in West Virginia for $135,000.  A year later, in July of 1997, husband purchased an adjacent tract of land for $48,500.  Husband testified that he purchased both parcels of property with separate funds, and the documentary evidence in the record corroborates husband's testimony.  Husband was listed as the sole grantee on the deeds conveying each parcel of land.  Furthermore, the "Real Estate Sales Contract" for the first parcel of land listed husband as the sole purchaser of the property.  In addition, husband paid for the second parcel of land with a check drawn on an account in his name only.  Finally, wife's own testimony supported husband's account of the acquisition of the West Virginia residence.  Wife testified that *the funds used to purchase the West Virginia residence did not come from either her personal accounts or the joint account*, which the parties shared.

---

[3] Moreover, during oral argument, husband conceded that it was error for the trial court to classify the vehicles as his separate property.

Viewing the evidence in the light most favorable to husband, as we must, we hold that husband produced sufficient evidence to rebut the presumption that the West Virginia residence was marital property. Thus, the circuit court did not err in its classification of the West Virginia residence as husband's separate property, and we affirm that portion of the circuit court's ruling.

## C. Game Bit, Inc., Game Place, LLC, and Robert A. Lightburn, LLC[4]

Wife argues that the circuit court erred in its classification of 100% of the shares of Game Bit, Inc., the 100% membership interest in Game Place, LLC, and the 1% membership interest in Robert A. Lightburn, LLC as husband's separate property. Wife contends that husband's testimony alone is insufficient to rebut the statutory presumption in favor of classifying these assets as marital property. Again, we disagree. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

In this case, the circuit court heard testimony from husband and wife concerning the acquisition of each of the entities listed above. Husband testified that he formed Game Bit, Inc. in 1996 and Game Place, LLC in 1997. Husband further testified that he contributed all of the capital for the formation of these entities with his separate funds and that he was the sole financial supporter of these businesses. In addition, wife testified that no money from her personal account was used in the formation of Game Bit, Inc. or Game Place, LLC. Finally, husband testified that he acquired the 1% interest in Robert A. Lightburn, LLC with a capital contribution of approximately $23,000, also paid with his separate funds.

---

[4] Because wife makes essentially the same argument with respect to the circuit court's classification of these entities, we will address them collectively.

From this testimony, the circuit court found that husband's separate wealth was the source of the money used to acquire these entities. Moreover, the circuit court found that "the bank documents, the tax returns, [and] the items that were introduced into evidence do corroborate what [husband] had to say about where the money came from." The circuit court also found that husband's separate wealth was the primary source of money for the parties during their marriage, [5] a fact corroborated, to some degree, by wife's testimony.

"A trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003). That is because the circuit court "'has the opportunity to see and hear that evidence as it is presented.'" Thomas v. Thomas, 40 Va. App. 639, 644, 580 S.E.2d 503, 505 (2003) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)). Here the circuit court had the opportunity to see and hear the testimony of both husband and wife. Consequently, the circuit court had the discretion to accept or reject any portion of their testimony and to determine what weight it should carry. Therefore, we cannot say that the circuit court's decision to classify 100% of the shares of Game Bit, Inc., the 100% membership interest in Game Place, LLC, and the 1% membership interest in Robert A. Lightburn, LLC was plainly wrong or without evidence to support it, and we affirm that portion of the circuit court's ruling.[6]

---

[5] At the time of the divorce, husband testified that he had a net worth of approximately eight million dollars. However, the majority of husband's wealth was derived from assets that he acquired before the marriage or assets that he inherited from his parents during the marriage. Husband testified that he always kept these assets separate and never commingled them with marital property. Husband further testified that his separate wealth was the parties' primary source of income during their marriage.

[6] Wife points to Taylor v. Taylor, 9 Va. App. 341, 387 S.E.2d 797 (1990), in support of her contention that husband's bare testimony is insufficient to rebut the marital presumption. However, Taylor is readily distinguishable from the case at bar. The property at issue in Taylor was 22,600 shares of stock that the husband acquired during the parties' marriage. In Taylor, the

Wife also argues that the circuit court abused its discretion in awarding her only $3,000 per month in spousal support for a five-year period. Wife takes issue with both the amount and duration of the circuit court's award, arguing that there are no facts in the record to support such a ruling. We disagree.

"The trial court has 'broad discretion' in the decision to award spousal support." Robinson v. Robinson, 54 Va. App. 87, 91, 675 S.E.2d 873, 875 (2009) (quoting Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 863 (2008)). "That includes the 'nature, amount and duration' of the award." Id. (quoting Code § 20-107.1(E)). When determining an award of spousal support, the circuit court "'must consider all the factors enumerated in Code § 20-107.1(E).'" Fadness, 52 Va. App. at 846, 667 S.E.2d at 863 (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)). In addition, the circuit court must "set forth 'findings or conclusions identifying the [Code § 20-107.1(E)] factors . . . that support the spousal support award.'" Robinson, 54 Va. App. at 91, 675 S.E.2d at 875 (quoting Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007)). However, the circuit court is not required to "'quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005) (quoting Miller, 44 Va. App. at 679, 607 S.E.2d at 128). As long as the circuit court has

---

husband therein testified that he purchased the stock with funds he obtained through the sale of a piece of real property that he acquired prior to the marriage. Id. at 343, 387 S.E.2d at 798. In classifying the stock as the husband's separate property, "[t]he trial court found the husband's testimony to be credible and accepted his statement that the funds used to purchase the [] stock came from the sale of the [] property." Id. at 344, 387 S.E.2d at 799. However, this Court reversed the trial court, because the evidence in the record affirmatively demonstrated that the property husband used to acquire the stock had been transmuted to marital property, thereby making the stock itself marital in nature. Id. at 345, 387 S.E.2d at 799. In contrast to Taylor, there is no evidence in the record before us to demonstrate that such a transmutation occurred in this case. Thus, there was no evidence to contradict husband's testimony that he acquired these entities with property he maintained separate and apart from the marriage.

considered the factors enumerated in Code § 20-107.1(E), "'its determination will not be disturbed except for a clear abuse of discretion.'" Fadness, 52 Va. App. at 845, 675 S.E.2d at 875 (quoting Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998)). "Our standard for establishing such error is a showing that the court's exercise of its broad discretion was 'plainly wrong or without evidence to support it.'" Robinson, 54 Va. App. at 92, 675 S.E.2d at 875 (quoting Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002)).

In determining the amount of spousal support to award wife, the circuit court noted that it "had taken into account all the factors set forth in [Code § 20-107.1(E)]," and "those [factors] not specifically mentioned in [its] ruling were fully considered and applied." The circuit court then identified the specific factors that supported its spousal support award, including the needs of the parties, the standard of living established during the marriage, the duration of the marriage, husband's negative non-monetary contributions,[7] and wife's earning capacity. Of particular significance to the circuit court was wife's testimony concerning her financial needs and earning capacity. The circuit court found that wife exaggerated many of her needs and that, as an experienced teacher with a master's degree, wife had an earning capacity that had to be considered.[8] The court further found that the parties enjoyed a "modest" standard of living during their eleven-year marriage.

---

[7] In 2001, husband was convicted in the state of Illinois of intent to distribute child pornography and sentenced to three years in prison. He was released after serving one year of that sentence. During his incarceration, husband continued to support his family financially. Nonetheless, the trial court found that husband's felony conviction and subsequent incarceration was a negative non-monetary contribution to the marriage.

[8] Prior to the marriage, wife was an experienced teacher. Wife possessed a postgraduate teacher's license in Virginia, was tenured with the Albemarle County School System, and was a clinical instructor at the University of Virginia. However, the circuit court did not impute a specific amount of income to wife. Rather, it simply considered her earning capacity as an experienced and educated teacher.

After considering the evidence adduced at trial in terms of the statutory factors enumerated in Code § 20-107.1(E), the circuit court ordered husband to pay wife $3,000 per month in spousal support for a duration of five years. In addition, the circuit court ordered husband to pay a lump sum spousal support payment of $140,000. Based on the evidence in the record, we cannot say that the circuit court abused its discretion in fashioning its spousal support award to wife. Thus, we affirm on this issue.

### III. Attorney's Fees

Wife further argues that the circuit court abused its discretion in awarding her only $25,000 in attorney's fees. Wife claims that the facts in the record do not support such an award. Again, we disagree.

The decision of whether or not to award attorney's fees "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Northcutt, 39 Va. App. at 199-200, 571 S.E.2d at 916. "'The key to a proper award of counsel fees is reasonableness under all the circumstances.'" Id. at 200, 571 S.E.2d at 916 (quoting Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)).

Wife incurred approximately $90,000 in attorney's fees from this litigation. However, during the *pendente lite* hearing, the circuit court awarded wife $20,000 in attorney's fees. Later, in deciding whether to award wife attorney's fees in the final decree of divorce, the circuit court considered such factors as the evidence in the case, the income levels of the parties, the complexity of the case, and *its previous rulings in the case*. After consideration of those factors, the circuit court ordered husband to pay an additional $25,000 in attorney's fees to wife, finding such an award appropriate given the length of the trial and the amount of discovery that was required in the case. Combined with the *pendente lite* award, wife received a total of $45,000 in attorney's fees from husband. Therefore, we hold that the circuit court's decision to award wife

$25,000 in attorney's fees in the final decree of divorce was reasonable under the circumstances, and the circuit court did not abuse its discretion in fashioning such an award.

IV. Appellate Attorney's Fees and Costs

Both husband and wife request an award of attorney's fees and costs they incurred in this appeal. It is true that "[t]he appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment." O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). However, after examining the record, we find no reason to fashion such an award in this case. "[T]he litigation addressed appropriate and substantial issues and [] neither party generated unnecessary delay or expense in pursuit of its interests." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). Accordingly, we deny each party's request for an award of appellate attorney's fees and costs.

V. Conclusion

For the foregoing reasons, we hold that the circuit court erred in ruling that the vehicles were husband's separate property. Thus, we reverse that portion of the circuit court's ruling and remand this case back to the circuit court for further proceedings consistent with this opinion. However, we affirm the circuit court with respect to its classification of the West Virginia residence, 100% of the shares of Game Bit, Inc., the 100% membership interest in Game Place, LLC, and the 1% interest in Robert A. Lightburn, LLC as husband's separate property. In addition, we affirm the circuit court with respect to its rulings on spousal support and attorney's fees. Finally, we deny both parties' requests for appellate attorney's fees and costs.

Affirmed in part,
reversed in part,
and remanded.