ANNUNZIATA, J.,
concurring, in part, and dissenting, in part.
I join in full parts II through VII of the majority’s opinion. I respectfully dissent, however, with regard to part I. On appeal, husband argues the trial court lacked jurisdiction to award wife spousal support. Relying on the Virginia Supreme Court’s decision in Harrell v. Harrell, 272 Va. 652, 636 S.E.2d 391 (2006), husband contends that a valid pleading requesting spousal support was not before the court for adjudication after the trial court dismissed wife’s bill of complaint. I believe Harrell is distinguishable, both factually and legally, and I would affirm.
In Harrell, the wife’s pleading for divorce and support was dismissed because it was not legally effective, having failed to satisfy the statutory criteria required to invoke the court’s jurisdiction under Code § 20-91(9)(a). Id. at 654-55, 636 S.E.2d at 393. Specifically, although the wife in Harrell alleged she had been separated from her husband “without interruption for one year,” she failed to prove that requisite jurisdictional fact. Id. at 656, 636 S.E.2d at 394. In short, the wife in Harrell had failed to establish a cause of action for divorce. Id. (“ ‘[t]he act relied upon for divorce must be alleged and proved to have occurred prior to the bringing of the suit’ ” (quoting Beckner v. Beckner, 204 Va. 580, 583, 132 S.E.2d 715, 717-18 (1963))). Absent compliance with the “mode of acquiring and exercising [the] jurisdiction ... upon which it is conferred ... by statute, ... the proceeding will be a nullity.” Coleman v. Virginia Stave & Heading Co., 112 Va. 61, 75, 70 S.E. 545, 549 (1911) (citations omitted). See also Smith v. Commonwealth, 281 Va. 464, 467, 706 S.E.2d 889, 892 (2011) (“The court acquires the ‘active’ jurisdiction to adjudicate a matter only when certain additional elements are *491 present” beyond subject matter jurisdiction, (emphasis added)); Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010) (“subject matter jurisdiction, perhaps best understood as the ‘potential’ jurisdiction of a court, ... becomes ‘active’ jurisdiction, the power to adjudicate a particular case upon the merits, only when various elements are present” (emphasis added) (citation omitted)). Presented thus with a null proceeding, the Supreme Court of Virginia dismissed Ms. Harrell’s bill of complaint for failure to satisfy the statute’s jurisdictional requirements. Harrell, 272 Va. at 657, 636 S.E.2d at 394. Ms. Harrell’s additional pleadings, filed in an effort to establish the trial court’s jurisdiction to adjudicate her divorce and support petitions, were likewise found invalid.[13]
By contrast, wife’s bill of complaint for divorce in this matter was not dismissed on jurisdictional grounds; rather, the motion to strike wife’s evidence and dismiss her bill of complaint was granted because wife failed to prove her grounds for divorce. Moreover, the trial court expressly exempted wife’s pleading for spousal support from its ruling, as demonstrated by the court’s statements in the record and by its taking the support issue and the evidence admitted on the issue under advisement for further deliberation and adjudication.
The statutory requirements for the court’s jurisdiction to adjudicate spousal support having been met, I would find wife’s pleading, under these facts, continued unaffected by the dismissal of her pleadings for divorce. See, e.g., Rochelle v. Rochelle, 225 Va. 387, 391, 302 S.E.2d 59, 62 (1983) (“The *492 court’s jurisdiction, once properly invoked, is not lost because a part of the claim on which it was based is later found to lack merit.”). See also Erickson-Dickson v. Erickson-Dickson, 12 Va.App. 381, 388, 404 S.E.2d 388, 392 (1991) (“[w]hen a court acquires jurisdiction over the subject matter and over the person, the court retains jurisdiction until the matter before it has been fully adjudicated” (citing Laing v. Commonwealth, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964))); 20 Am.Jur.2d Courts § 100 (2014) (“The jurisdiction of a court is continuing; once a court has acquired jurisdiction of a case, its jurisdiction continues until the court has done all that it can do to exercise that jurisdiction to determine, subject to appellate review, all the issues involved and to grant such complete relief as is within its jurisdictional power to grant.”).
Thus, the trial court had before it a valid pleading for support that set forth facts warranting the relief sought, provided husband due process notice “of the nature and character of the claim,” Boyd v. Boyd, 2 Va.App. 16, 19, 340 S.E.2d 578, 580 (1986), and that was explicitly retained under advisement by the trial court for disposition pursuant to Code § 20-107.1.[14] Subsequently, upon awarding husband a divorce based on his cross-bill,[15] the trial court awarded wife spousal support on the ground that wife had raised it as an issue in her pleadings, she had a need for spousal support, and husband had the ability to pay. I would find no error.
Considering this opinion, I would not find that wife’s first, second, fourth, and part of her sixth assignments of error *493 would be moot. However, I would affirm the trial court’s rulings.
The trial court awarded wife spousal support as follows: $5,000 per month for twelve months, $8,000 per month for the following twelve months, and then $1,500 per month for twelve months thereafter. Wife argues that the trial court erred by-awarding her spousal support for a limited time and in tapering amounts. She contends her need for spousal support is not going to decrease over time, and husband has the ability to pay. She also asserts the trial court erred when it considered her marital history in fashioning a spousal support award.
“ ‘In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.’ ” West v. West, 53 Va.App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va.App. 674, 679, 607 S.E.2d 126, 128 (2005)).
In order to establish a foundation for a spousal support award, a trial court must consider the factors in Code § 20-107.1(E). However, it is not “required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.” Woolley v. Woolley, 3 Va.App. 337, 345, 349 S.E.2d 422, 426 (1986).
To determine the wife’s need in this case, the trial court reviewed the statutory factors and found that the parties “established a very high, if not wasteful, standard of living during their marriage.” However, the court considered the standard one that “could not continue to be maintained.” Some of wife’s expenses were found to be “unrealistic or inflated.” The court further noted that wife had “few remaining legally enforceable obligations, compared to the husband,” as a result of her bankruptcy filing.
By inference, the court concluded wife would be able to earn income and support herself in the future. Wife had asserted in testimony she “had business skills and the ability to support *494 herself,” [16] and the court considered testimony from husband’s vocational expert that wife was capable of working, whether for an employer or self-employed, and that she could earn between $25,000 and $40,000, depending on her experience. The court further noted that wife “had been in situations before where she needed to support herself without a husband’s financial assistance,” this marriage being her fifth.[17] However, the trial court also weighed evidence to the contrary and found that wife had not earned “any significant income” in several years, had health complaints, and was nearly sixty years of age. Accordingly, the court concluded that wife had established a “great” need for support, but that she would be able to support herself in time. Husband’s ability to pay was established by the evidence of the high income he earned, but the court concluded “it would be unreasonable to require a lengthy period of significant spousal support,” in light of husband’s burden, imposed by the court, to pay the marital debt and in light of the significant spousal support husband had paid pendente lite. I cannot conclude that the premises upon which the court made its spousal support award of limited duration “are sufficiently uncertain to render the defined duration award speculative” and improper. Torian v. Torian, 38 Va.App. 167, 185, 562 S.E.2d 355, 364 (2002).
Lastly, wife argues on appeal that the evidence failed to establish her need for spousal support or that husband’s ability to pay would decrease in the future. As we pointed out in Torian, such “possibilities [are] inherent in many spousal support situations,” and they were contemplated by the Virgi *495 nia legislature. Id. at 184-85, 562 S.E.2d at 364. Nonetheless, “the legislature decided that defined duration awards are appropriate in at least some of these circumstances.” Id. at 185, 562 S.E.2d at 364; see also Bruemmer v. Bruemmer, 46 Va.App. 205, 616 S.E.2d 740 (2005) (the Court upheld a trial court’s tapering, defined duration spousal support award).
Based on the foregoing, I would conclude that the trial court did not abuse its discretion in awarding a defined duration spousal support award that decreased in the amount over time.
Furthermore, since I agree with the majority that the trial court did not violate the bankruptcy order when the trial court issued its equitable distribution ruling, I would find that the trial court did not err in determining spousal support. It considered all the factors in Code § 20-107.1(E), including factor 8 regarding equitable distribution, when it determined the amount and duration of spousal support.

. Ms. Harrell's amended bill of complaint was dismissed because she did not seek leave of court to file an amended pleading, as required by Rule 1:8. Harrell, 272 Va. at 657, 636 S.E.2d at 394. She filed a motion for pendente lite relief, but that motion was insufficient for a permanent spousal support award pursuant to Code § 20-107.1. Id. She also filed an "omnibus motion" and requested that her amended bill of complaint be considered an answer to the cross-bill and that all of her previous pleadings be considered for a permanent spousal support award. Id. The trial court did not rule on the "omnibus motion,” and Ms. Harrell did not object to the trial court’s failure to rule on the motion. Id.

. Pursuant to Code § 20-107.1(A), "upon the entry of a decree providing ... for a divorce ... [or] that neither party is entitled to a divorce, ... the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses." See Rowand v. Rowand, 215 Va. 344, 210 S.E.2d 149 (1974) (finding that neither party is entitled to a divorce and reversing the decree of divorce to wife, but allowing the award of alimony to wife to remain).

. In its final decree, which incorporated the court’s letter opinion, the court explained it dismissed wife's complaint on a motion to strike the evidence, because "she failed to offer any evidence supporting the entry of a Final Decree of Divorce.”

. Although the trial judge viewed this assertion as "perhaps” unrealistic, it was not treated without some weight.

. The trial court's reference to the wife's earlier marriages related to the court's determination of the extent to which the wife had evidenced any ability to support herself, an issue raised by wife’s request for spousal support. As such, the reference was relevant, contrary to wife’s contention on appeal. See Evans-Smith v. Commonwealth, 5 Va.App. 188, 196, 361 S.E.2d 436, 441 (1987) (" 'Evidence is relevant if it tends to establish the proposition for which it is offered. Evidence is material if it relates to a matter properly at issue.' ” (quoting C. Friend, The Law of Evidence, § 134 (2d ed.1983))).