COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


LUCIAN DABNEY ROBINSON
                                                            OPINION BY
v.      Record No. 0872-08-3                   JUDGE ELIZABETH A. McCLANAHAN
                                                            MAY 5, 2009
SUSAN BELLER ROBINSON


             FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                        William R. Shelton, Judge Designate

             H. Gregory Campbell, Jr. (Bettye Ackerman; H. Gregory
             Campbell, Jr., P.C., on briefs), for appellant.

             Monica Taylor Monday (David G. Weaver; Whittney R.
             Bradshaw; Gentry Locke Rakes & Moore; Weaver Law Firm,
             P.C., on brief), for appellee.


        Lucian Dabney Robinson (husband) appeals, for the second time, an award of spousal

support to Susan Beller Robinson (wife) in their divorce proceeding.[1]  In challenging the award

in this appeal, husband argues the trial court erred by:  (1) failing to properly consider the

amount of support husband should pay in accordance with our previous decision; (2) finding

wife would have insufficient funds to maintain her standard of living if she were limited to

income from her assets; (3) finding wife could reasonably expect to receive a four percent rate of

return on her assets; (4) awarding wife spousal support exceeding her proven needs; and (5)

failing to properly consider income available to wife.[2]  In addition, both parties seek an award of

---

[1] This Court reversed the first award, and remanded the case to the trial court for
reconsideration of wife's spousal support.  See Robinson v. Robinson, 50 Va. App. 189, 196, 648
S.E.2d 314, 317 (2007).

[2] As explained in footnote 5, infra, we address husband's fifth argument in our analysis
of arguments two through four.

attorney's fees incurred in this appeal. For the following reasons, we reject husband's instant challenge to the spousal support award, and affirm the trial court. We also award attorney's fees and costs to wife in defending this appeal.

## I. ANALYSIS

### A. Spousal Support

Our review of the spousal support award is governed by familiar principles. The trial court has "'broad discretion'" in the decision to award spousal support. Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 863 (2008) (quoting Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998)). That includes the "nature, amount and duration" of the award. Code § 20-107.1(E) (listing thirteen factors for consideration). In making that determination, the trial court "'must consider all the factors enumerated in Code § 20-107.1(E),'" Fadness, 52 Va. App. at 846, 667 S.E.2d at 863 (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)), and set forth "findings or conclusions identifying the [Code § 20-107.1(E)] factors . . . that support the spousal support award," Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007). The court is not required, however, "to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986); see Miller, 44 Va. App. at 679, 607 S.E.2d at 128; Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005) (both quoting Woolley for this principle).

When the trial court has duly considered the Code § 20-107.1(E) factors, "'its determination "will not be disturbed except for a clear abuse of discretion."'" Fadness, 52 Va. App. at 845, 667 S.E.2d at 863 (quoting Brooks, 27 Va. App. at 317, 498 S.E.2d at 463 (quoting Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986))). Our standard for establishing such error is a showing that the court's exercise of its broad discretion was "'plainly

wrong or without evidence to support it.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997)).

Furthermore, in conducting this review, we will view the evidence in the light most favorable to wife, the prevailing party below, granting her the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of [husband] which conflicts, either directly or inferentially, with the evidence presented by [wife] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

### (i) Manner of Reconsideration of Wife's Spousal Support

The trial court originally awarded wife spousal support in the amount of $5,000 per month, following a two-day evidentiary hearing. In his first appeal, husband challenged the award on grounds that, *inter alia*, the court failed to make written findings and conclusions identifying the factors in Code § 20-107.1(E) supporting the award, as required. We agreed, reversing the trial court and remanding the case "for reconsideration of the award based upon the existing record and in keeping with [our] opinion." Robinson, 50 Va. App. at 196, 648 S.E.2d at 317. The trial court subsequently entered an "Addendum to Final Decree" (the "addendum") in which the court set forth in detail its findings and conclusions supporting its spousal support award.

In this appeal, husband argues the trial court disregarded our mandate on remand, requiring that the award again be set aside on procedural grounds. The trial judge, according to husband, "did not hold a hearing or even a joint telephone conference;" "did not hear from both parties' attorneys"; and "did not review the record." Instead, husband asserts, the trial judge

"simply accepted [wife's] proposed decree preserving the level of spousal support [at $5,000 per month]." We disagree with this assessment of the trial court's actions.

First, the trial court expressly states in the addendum that it "reconsidered the award of spousal support based upon the existing record and [in] keeping with [this Court's prior decision]." It is well established that "'trial courts speak only through their orders and . . . such orders are presumed to reflect accurately what transpired.'" Rose v. Commonwealth, 265 Va. 430, 435 n.2, 578 S.E.2d 758, 761 n.2 (2003) (quoting McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001)). Second, a formal hearing was not required on remand in order for the trial court to comply with the mandate from this Court. Third, the trial court did, in fact, grant the parties an opportunity to submit proposed written findings of fact and conclusions of law to assist in its reconsideration of the spousal support award; but husband failed to do so. Fourth, nothing in this Court's mandate required the trial court to award a different amount of support on remand; and the fact the amount of the award remained the same does not compel the conclusion that the court failed to reconsider the case. See Miller, 44 Va. App. at 678-84, 607 S.E.2d at 128-31 (finding no abuse of discretion where trial court awarded same amount of spousal support after reversal and remand of equitable distribution award). Husband's contention that the trial court failed to comply with our mandate on remand is thus without merit.

(ii) Depletion of Wife's Assets to Maintain Her Standard of Living

Second, husband argues the record does not support the trial court's finding number 15 of the addendum that wife would lack sufficient funds to maintain her standard of living throughout her lifetime if she were to spend the income from assets received pursuant to the division of

marital property prior to age 65.[3]  Husband's assertion notwithstanding, this finding is supported

by the testimony of Luther G. Entsminger, Jr., an expert in financial planning.  Entsminger

explained that he prepared financial projections using wife's assets (retirement and non-

retirement) capable of producing income, her expected income on those assets, and her monthly

expenses based on her current standard of living.  Under the first projection, wife would be

required to start using that income at age 60 (wife was 59½ years old at the time of the hearing),

and would begin experiencing "shortfalls" at age 74, "mean[ing] that she would not have enough

money to sustain [her] lifestyle."  Furthermore, according to Entsminger, "[wife] would run out

of money if she had a long life."  Only under Entsminger's second projection, with wife

beginning to use the income for monthly expenses at age 65, would she avoid such "shortfalls."

### (iii) Expected Rate of Return on Wife's Assets

Third, husband argues the record does not support the trial court's finding number 14 of

the addendum that wife could reasonably expect a four percent rate of return on her assets.

Instead, husband argues, the evidence established that wife's rate of return would be eight

percent.  The trial court, however, was clearly referring to wife's "real rate of return" of four

percent, based on evidence of an estimated eight percent return, less a deduction for inflation at

an annual rate of four percent.  Indeed, both parties' financial experts calculated wife's estimated

real rate of return on her assets to be at or near four percent, after adjusting her expected return

---

[3] Pursuant to Code § 20-107.1(E)(1) and (2), the "obligations, needs and financial resources of the parties" and their "standard of living established during the marriage" are among the factors the court must consider in determining the "nature, amount and duration" of an award of spousal support.  Accordingly, the trial court must consider any income the parties' assets are able to produce.  See Rowe v. Rowe, 24 Va. App. 123, 139, 480 S.E.2d 760, 767 (1997).  It is also well established, however, that the court may not consider the corpus of a monetary sum derived from the distribution of the marital estate as income to the receiving spouse.  Ray v. Ray, 4 Va. App. 509, 513-15, 358 S.E.2d 754, 756-57 (1987); see generally Peter N. Swisher, Lawrence D. Diehl, and James R. Cottrell, Family Law: Theory, Practice, and Forms § 9:9, at 313-15 (2008).  Here, most of wife's assets were acquired from a division of the marital estate, the majority of which were monetary.

downward for inflation. Thus, the evidence supported the court's finding that wife could reasonably expect a four percent rate of return on her assets.

### (iv) Wife's Spousal Support Award Compared to Her Proven Needs

Fourth, husband argues the support award of $5,000 per month was excessive when measured against wife's proven needs. By "proven needs," husband is referring to the monthly sum required for wife to maintain her standard of living enjoyed during the marriage. In making this argument, husband does not challenge the trial court's finding that wife "needed $6,224 per month to maintain the standard of living . . . she enjoyed during the marriage, which does not include taxes she will have to pay on any income she receives." Rather, husband frames the question as solely a matter of "how much spousal support will it take for [w]ife to net $6224 per month." His answer is that "the proper level of spousal support in this case is $3,871." This figure, according to husband, is the sum required for wife to achieve a monthly net income of $6,224 after accounting for wife's income from her income producing assets, and her tax liability. Thus, husband argues, the trial court erred by awarding $1,129 more in monthly spousal support than was needed for wife to maintain her standard of living (i.e., in awarding $5,000 per month, rather than $3,871 per month).[4]

Husband's argument is premised on his erroneous assertion that the only purpose of spousal support is to maintain the dependant spouse in the standard of living enjoyed during the marriage. This then leads to husband's erroneous contention that, in this case, a sum sufficient for allowing wife to maintain her standard of living enjoyed during the marriage constituted a cap or limit on the amount of spousal support the trial court could award.

---

[4] Husband's ability to pay the spousal support award is not at issue. See Code § 20-107.1(E)(1).

- 6 -

Under Code § 20-107.1(E)(2), "[t]he standard of living established during the marriage," is, indeed, a factor the trial court must consider "[i]n determining the nature, amount and duration" of a spousal support award. But it is only one of thirteen such factors enumerated under subsection E for the court's consideration, some economic and some non-economic, with number thirteen being an open-ended directive that "the court shall consider . . . [s]uch other factors . . . as are necessary to consider the equities between the parties." Code § 20-107.1(E)(13). See Theismann v. Theismann, 22 Va. App. 557, 573, 471 S.E.2d 809, 817 (rejecting wife's argument that her spousal support award was inadequate even though it would not allow her to maintain the standard of living she enjoyed during the marriage and husband could afford to pay more), aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). Thus, no one factor is dispositive. And as we have stated regarding the non-economic factors under subsection E, they are "not amenable to a dollar-for-dollar consideration, such as the duration of the marriage and the non-monetary contributions of the parties to the marriage." Miller, 44 Va. App. at 686 n.5, 607 S.E.2d at 132 n.5.

Here, the trial court made numerous findings of fact relative to the various Code § 20-107.1(E) factors. Those findings are supported by the evidence, as viewed in the light most favorable to wife, and, in turn, support the trial court's spousal support award. As the court found, the parties were married for thirty-seven years, during which time wife "made substantial and significant non-monetary contributions throughout the marriage by being a full-time wife and mother and caring for the needs of [husband] and the parties' three children," excepting the first three years of marriage. During those three years, wife worked full-time to support the family while husband was in medical school. In "devot[ing] herself to the well-being" of husband and the children, wife "sacrificed her nursing career." Wife "managed the household budget and lived in such a manner that the parties were able to accumulate significant assets and

save for their retirement." The parties, in fact, "regularly saved substantial sums" for retirement, and husband "continues to save substantial sums for his retirement." Husband also "has sufficient income to refrain from spending his retirement assets," earning in excess of $170,000 per year from wages alone. Accordingly, husband is "financially able to pay the spousal support award." At fifty-nine years old at the time of the evidentiary hearing, wife had received no education or training, for purposes of employment, in thirty-four years, and it was "unrealistic to expect [her] to acquire the skills necessary to improve her earning capacity at her age." The parties had approximately the same amount of separate property upon the division of the marital estate. Finally, as addressed above, the trial court also found that wife could expect a four percent rate of return on her income producing assets, that she would lack sufficient funds to maintain her standard of living throughout her lifetime if she were limited to income from her assets before reaching age 65, and that she needed $6,224 per month to maintain the standard of living she enjoyed during the marriage, which did not include her tax liability on any income she would receive.

Based on these facts, we cannot say the trial court abused its discretion in awarding wife $5,000 per month in spousal support—even if she needed only $3,871 per month in support in order for her to achieve a monthly net income of $6,224, and thereby enable her to maintain her marital standard of living. Code § 20-107.1(E) authorizes the trial court to enter an award of spousal support in an amount greater than—or otherwise results in the dependant spouse receiving income in an amount greater than—the economic marital standard of living. See Miller, 44 Va. App. at 686 n.5, 607 S.E.2d at 132 n.5.

As aptly stated recently in In the Matter of Gardner and Gardner, 157 P.3d 320, 324 (Ore. App. 2007):

> [A] marital dissolution is more than the mere liquidation of an
> economic partnership; it involves the calibration of multiple

- 8 -

socio-economic objectives with respect to which trial courts have a range of reasonable discretion to fashion an equitable outcome. See . . . Haguewood and Haguewood, 292 Ore. 197, 206, 638 P.2d 1135 (1981) ("[A] marital dissolution often requires the achievement of certain social as well as financial objectives which may be unique to the parties."). Thus, depending on the circumstances, there often can be more than one overall economic solution that would withstand an appeal from a dissolution judgment.

The trial court's economic solution to these multiple objectives in the instant case, as reflected in the spousal support award it fashioned, withstands our review because it was neither plainly wrong nor without evidence to support it.[5]

## B. Appellate Attorney's Fees

Both husband and wife request an award of attorney's fees and costs incurred in connection with this appeal. We have concluded that husband's appeal is without merit as to all issues presented. Accordingly, we direct the trial court on remand to award wife the reasonable attorney's fees she incurred in defending this appeal. See Miller, 44 Va. App. at 688, 607 S.E.2d at 133; O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996); Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).

---

[5] For husband's final challenge to the spousal support award, he essentially reasserts a basic aspect of arguments two through four above by contending, without specifics, that the trial court did not "consider properly" the income available to wife. He then cites, at length, authority requiring the trial court "to consider the income produced by the property awarded in the dissolution [of marriage] when it makes a spousal support award." As indicated above, wife's income from her assets, including marital assets distributed in the divorce, was the very subject of the trial court's findings (i) that wife would lack sufficient income from her assets to maintain her standard of living throughout her lifetime; (ii) that wife could reasonably expect a four percent rate of return (i.e., income) on her assets; and (iii) that based on, *inter alia*, wife's return on her assets and her proven need for $6,224 per month to maintain her standard of living (not including her tax liability), she was entitled to a spousal support award of $5,000 per month. Thus, for the reasons set forth in our analyses of husband's arguments two through four above, we find no merit in husband's argument number five.

## II.  CONCLUSION

For these reasons, we affirm the trial court's award of spousal support to wife, but remand for an award of reasonable attorney's fees and costs to wife incurred in defending this appeal.

<u>Affirmed and remanded.</u>