COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Alston and Senior Judge Coleman


RITA ANN VAN ARSDALL

                                     MEMORANDUM OPINION[*]

v.       Record No. 1521-10-2                     PER CURIAM
                                       FEBRUARY 15, 2011

ROY THOMAS VAN ARSDALL


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

(Adam T. Kronfeld; The Duff Law Firm, on brief), for appellant.

(Jeffrey M. Summers; The Law Office of Jeffrey M. Summers,
PLLC, on brief), for appellee.


Rita Ann Van Arsdall (wife) appeals a spousal support award arising out of a final decree of

divorce. Wife argues that the trial court erred in (1) finding that wife was employable and imputing

income to her[1]; (2) failing to give appropriate consideration to wife's medical condition and

healthcare needs when awarding spousal support to her; and (3) failing to give appropriate

consideration to wife's income and expenses when awarding spousal support to her. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In her brief, wife withdrew this assignment of error; therefore, we will not consider it.

The parties married on February 2, 1990, separated in November 2007, and divorced on June 15, 2010.

At trial, the parties presented evidence of their incomes and expenses. Husband was a self-employed lobbyist and estimated his 2009 income to be approximately $148,000 per year. Wife worked in the beginning of their marriage and earned approximately $38,000 per year; however, at the time of the trial, she was unemployed.[2] At the time of trial, wife was fifty-nine years old, and husband was sixty-two years old. Wife testified about her health issues, including arthritis in her hands, shoulders, back, and knees. A vocational expert testified on behalf of husband and opined that wife could earn between $25,000 and $30,000 per year.

The trial court awarded wife $1,250 per month in permanent spousal support. Wife filed a motion for reconsideration, which the trial court denied. This appeal followed.

ANALYSIS

Wife argues that in awarding spousal support, the trial court did not consider wife's medical condition and healthcare needs, nor did it consider her income and expenses.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

Code § 20-107.1(E) lists the following factors for a trial court to consider in awarding spousal support:

---

[2] Initially wife testified that she had been out of the workforce for eighteen or nineteen years. However, when further questioned by the trial court, wife testified that she worked at George Washington University from 1988 to 1994 and part-time at Georgetown University from 1995 to 1997. Then, she owned an antique shop and ran that business from 1994 to 2007. Consequently, at the time of trial, wife had been out of work for approximately two years.

1.  The obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature;

2.  The standard of living established during the marriage;

3.  The duration of the marriage;

4.  The age and physical and mental condition of the parties and any special circumstances of the family;

5.  The extent to which the age, physical or mental condition or special circumstances of any child of the parties would make it appropriate that a party not seek employment outside of the home;

6.  The contributions, monetary and nonmonetary, of each party to the well-being of the family;

7.  The property interests of the parties, both real and personal, tangible and intangible;

8.  The provisions made with regard to the marital property under § 20-107.3;

9.  The earning capacity, including the skills, education and training of the parties and the present employment opportunities for persons possessing such earning capacity;

10.  The opportunity for, ability of, and the time and costs involved for a party to acquire the appropriate education, training and employment to obtain the skills needed to enhance his or her earning ability;

11.  The decisions regarding employment, career, economics, education and parenting arrangements made by the parties during the marriage and their effect on present and future earning potential, including the length of time one or both of the parties have been absent from the job market;

12.  The extent to which either party has contributed to the attainment of education, training, career position or profession of the other party; and

13.  Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

When determining an award of spousal support, the trial court "'must consider all the factors enumerated in Code § 20-107.1(E).'" <u>Fadness v. Fadness</u>, 52 Va. App. 833, 846, 667

S.E.2d 857, 863 (2008) (quoting Miller, 44 Va. App. at 679, 607 S.E.2d at 128).  In addition, the trial court must "set forth 'findings or conclusions identifying the [Code § 20-107.1(E)] factors . . . that support the spousal support award.'"  Robinson v. Robinson, 54 Va. App. 87, 91, 675 S.E.2d 873, 875 (2009) (quoting Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007)).  "The court is not required, however, 'to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'"  Id. (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

Here, the trial court issued a letter opinion and explained in detail its spousal support award according to the Code § 20-107.1(E) factors.  Contrary to wife's argument, the trial court considered wife's medical conditions and healthcare needs, as it stated, "The Court finds the Wife's physical complaints genuine, if exaggerated somewhat, and finds further that her physical complaints may affect the nature of her employment, but not the fact of her employability."  Furthermore, the trial court summarized wife's testimony regarding her physical ailments, including her arthritis, in its letter opinion.

Wife argued that the trial court dismissed her doctor's opinions regarding her employability and instead adopted the opinion of her husband's vocational expert, who was not a doctor.[3]  The vocational expert's opinion considered wife's physical limitations.  While on the witness stand, the vocational expert read one of the doctor's letters regarding wife's limitations and indicated that none of the doctor's comments affected his opinion that wife was employable.

The trial court found the vocational expert's testimony to be credible.  "The trial court determines a witness' credibility, and the weight to give an expert's opinion."  Street v. Street, 25 Va. App. 380, 389, 488 S.E.2d 665, 669 (1997) (*en banc*) (citations omitted).

---

[3] Wife's doctors did not testify, but wife summarized their opinions.  The trial court permitted husband's vocational expert to be present in the courtroom during wife's testimony and then testified himself.

- 4 -

Wife also contends the trial court did not consider the cost of health insurance. However, wife testified about health insurance and there is no indication that the trial court disregarded this testimony.

In addition, wife argues that the trial court did not consider her income and expenses in determining the amount of spousal support. Contrary to the wife's arguments, the trial court considered her income and expenses. Wife testified at length about her income and expenses.[4] In its letter opinion, the trial court stated that it did not find wife's testimony credible when she testified about monies that she received. The trial court further found that wife was capable of earning $25,000 to $30,000. Therefore, the trial court did consider wife's income and expenses when it determined the amount of spousal support that she would receive.

Accordingly, the trial court did not err in awarding wife $1,250 per month in spousal support, and it considered her medical condition and healthcare needs, as well as her income and expenses.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>

---

[4] The trial court accepted wife's income and expense statement as a trial aid only because it was not listed on wife's exhibit list and was not provided to opposing counsel prior to trial. Wife testified about her income and each of her expenses listed on the income and expense statement.