UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Richmond, Virginia


DONALD M. ESKRIDGE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2321-14-2                      CHIEF JUDGE GLEN A. HUFF
                                                    JULY 21, 2015

ANGELA T. ESKRIDGE


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Clarence N. Jenkins, Jr., Judge

            Player B. Michelsen (Batzli Stiles Butler PC, on briefs), for
            appellant.

            Reginald M. Barley for appellee.


        Donald M. Eskridge ("appellant") appeals an order of the City of Richmond Circuit Court

("trial court") awarding Angela T. Eskridge ("appellee") spousal support in the amount of $1,200

per month for a period of five years.  On appeal, appellant raises two assignments of error:

        1.  The trial court abused its discretion by awarding spousal
            support to . . . [a]ppellee when there was no evidence of . . .
            [a]ppellee's expenses, obligations, and/or needs for the court to
            consider as required by . . . Code § 20-107.1(E)(1).

        2.  The trial court abused its discretion by awarding spousal
            support to . . . [a]ppellee where the unrebutted and
            unchallenged evidence showed that . . . [a]ppellant's expenses
            exceeded his income; that . . . [a]ppellant was unable to pay . . .
            [a]ppellee support; that . . . [a]ppellee had employment income
            and benefits that provided her with a means to support herself;
            and where there was no evidence of . . . [a]ppellee's expenses,
            obligations or need for support.

Additionally, both parties request that this Court award them attorneys' fees incurred in this

appeal.  For the following reasons, this Court affirms the trial court's ruling.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

"Upon familiar principles, 'we consider the evidence in the light most favorable to the party prevailing in the trial court." Gamble v. Gamble, 14 Va. App. 558, 563, 421 S.E.2d 635, 638 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). So viewed, the evidence is as follows.

On February 14, 2002, the parties married, and appellant and his minor son moved into appellee's home. Appellee helped raise appellant's son until he went to college. During their eleven-year marriage, they enjoyed "a standard of living which permitted the parties to account for all expenses plus some leisure activities, including vacations where [appellant] gambled."

At the time of their marriage, both parties worked for the Federal Reserve Information Technology ("FRIT"); appellant was earning $45,000 per year and appellee was earning $47,500 per year. FRIT informed the parties of an internal policy prohibiting married couples from working together in the same department. The parties decided, due to appellant's child support obligations and a previous bankruptcy, that appellee would resign from her position and seek employment elsewhere. To date, "[appellee] has failed to obtain comparable employment." Specifically, after resigning from her position at FRIT, appellee was employed by "Bon Secours, the Virginia Supreme Court, and Virginia Commonwealth University at salaries ranging from $38,000 to $40,000 per year."

At the time of the parties' separation, appellee was employed by "the Virginia Department of Taxation" making "$40,000 annually," but was subsequently terminated. She was hired by Chesterfield County on September 1, 2014, where she is paid $1,384.62 every two weeks and receives health insurance and retirement benefits. Appellant is still employed by FRIT, where he is paid $4,114.78 twice per month – or $98,754.72 annually. During the marriage, appellant "reached a higher level of education," and was able to "accrue[] significant

funds in his FRIT retirement and pension accounts." Pursuant to an equitable distribution award, appellee received "45% of the marital portion of [appellant's] Federal Reserve Thrift Plan" and "Federal Reserve Bank Retirement."

After the parties' separation, appellant initially paid appellee, voluntarily, $750 per month in temporary support; the parties subsequently agreed to $500 per month in temporary support. Notwithstanding, appellee testified that she could "hardly make ends meet" and that she "needed support from [appellant] to maintain herself."

On November 26, 2014, the trial court entered an order awarding appellee "$1,200 per month" in spousal support "for a period of five (5) years . . . ." In this order, the trial court stated that it had "considered each of the statutory factors outlined in . . . Code § 20-107.1(E)," but it contained no written findings and conclusions of the court identifying the factors or evidence that supported its order. Appellant objected to the lack of written findings, causing the trial court to vacate its November 26, 2014 order and enter an amended order on December 16, 2014 that included written findings and conclusions for the spousal support award. This appeal followed.

## II. ANALYSIS

### A. Spousal Support

In his assignments of error, appellant contends that the trial court abused its discretion by awarding appellee $1,200 per month in spousal support. Specifically, appellant argues the award was not justified because 1) there was no evidence of appellee's expenses and obligations, 2) the evidence demonstrated that appellant's expenses exceeded his income and, therefore, appellant was unable to pay appellee support, and 3) appellee had employment income and could have supported herself.

"The purpose of spousal support 'is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage,

- 3 -

balanced against the other spouse's ability to pay.'" Miller v. Cox, 44 Va. App. 674, 684, 607 S.E.2d 126, 131 (2005) (quoting Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990)). This Court's review of a "spousal support award is governed by familiar principles. The trial court has 'broad discretion' in the decision to award spousal support." Robinson v. Robinson, 54 Va. App. 87, 91, 675 S.E.2d 873, 875 (2009) (quoting Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 863 (2008)). This discretion extends to the "'nature, amount and duration' of the award." Id. (quoting Code § 20-107.1(E) (listing thirteen factors for consideration)).

In making this determination, the trial court "'must consider all the factors enumerated in Code § 20-107.1(E),'" Fadness, 52 Va. App. at 846, 667 S.E.2d at 863 (quoting Miller, 44 Va. App. at 679, 607 S.E.2d at 128), and set forth "findings or conclusions identifying the [Code § 20-107.1(E)] factors . . . that support the spousal support award," Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007). Notably, however, "no one factor is dispositive," and "the court is not required . . . 'to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Robinson, 54 Va. App. at 91, 96, 675 S.E.2d at 875, 877 (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). When a trial court has duly considered these factors, however, "its determination 'will not be disturbed except for a clear abuse of discretion.'" Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986) (quoting Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983)). Accordingly, this Court will reverse a trial court's award of spousal support only when its exercise of discretion is "'plainly wrong or without evidence to support it.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997)).

Despite the fact that the trial court is required to consider all thirteen factors of Code § 20-107.1(E) when determining the nature, amount, and duration of a spousal support award,

Fadness, 52 Va. App. at 846, 667 S.E.2d at 863, "no one factor is dispositive," Robinson, 54 Va. App. at 96, 675 S.E.2d at 877.  In the present case, the trial court made numerous findings of fact relative to the various Code § 20-107.1(E) factors.  Those findings are supported by the evidence, as viewed in the light most favorable to appellee, and, in turn, support the trial court's spousal support award.  Specifically, the trial court noted that after the parties married, appellee chose to resign from her job at FRIT so that appellant could keep his job, Code § 20-107.1(E)(11), thereby reducing appellee's income and earning capacity while enabling appellant's salary to increase to the point where, at the time of the parties' separation, appellant's salary was $98,754.72 while appellee was only earning approximately $40,000 annually, Code § 20-107.1(E)(1).  Additionally, appellant was able to attain a higher education level and greater earning capacity during the marriage, Code § 20-107.1(E)(9) and (11), appellee contributed to the well-being of the family by helping to raise appellant's son, Code § 20-107.1(E)(6), the parties' standard of living during the marriage allowed for "some leisure activities," Code § 20-107.1(E)(2), and the duration of the marriage was eleven years, Code § 20-107.1(E)(3).  As the above evidence, when viewed in the light most favorable to appellee, supports the award of spousal support, this Court cannot say that the trial court abused its discretion or that the award is without evidence to support it.

Nevertheless, appellant, citing to a single factor – Code § 20-107.1(E)(1), contends that the trial court abused its discretion because appellee failed to present evidence of her need, expenses, or obligations.[1]  Under Code § 20-107.1(E)(1), the trial court is required to "consider

_____

[1] While the needs, expenses, and obligations of the spouse asking for support "is, indeed, a factor the trial court must consider 'in determining the nature, amount and duration' of a spousal support award . . . it is only one of thirteen such factors enumerated under subsection E for the court's consideration, some economic and some non-economic." Robinson, 54 Va. App. at 96, 675 S.E.2d at 877 (quoting Code § 20-107.1(E)).  Accordingly, "no one factor is dispositive," and the non-economic factors are still relevant to the determination of the amount

. . . [t]he obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature." The evidence from the present case related to this factor demonstrates that at the time of the parties' separation, appellant was earning $98,754.72 annually while appellee was earning approximately $40,000 annually. See Bandas v. Bandas, 16 Va. App. 427, 434, 430 S.E.2d 706, 710 (1993) (affirming a spousal support award based, in part, on comparing "husband's net income" at "$103,777" with "wife's annual income" at "$38,000 to $43,000").

Additionally, appellee testified that with appellant only paying her $500 per month, she could "hardly make ends meet." Appellant responds to this evidence by stating that this means that she could, in fact, make ends meet while receiving $500 per month. This response, however, misconstrues the purpose of spousal support. As noted above, "[t]he purpose of spousal support is to provide a sum for such period of time *as needed to maintain the spouse in*

---

of support even though they are "'not amenable to a dollar-for-dollar consideration.'" Id. (quoting Miller, 44 Va. App. at 686 n.5, 607 S.E.2d at 132 n.5). Notwithstanding the above, appellant primarily relies on Andrews v. Creacey, 56 Va. App. 606, 696 S.E.2d 218 (2010), and Robbins v. Robbins, 48 Va. App. 466, 632 S.E.2d 615 (2006), for the proposition that a party seeking spousal support is "require[d] by . . . Code § 20-107.1(E)(1)," Appellant's Br. at 4, to present evidence of her need before support can be awarded. Id. at 8-9. Specifically, appellant, quoting Andrews, states that "'[a] party seeking spousal support bears the burden of proving all facts necessary for an award including evidence of financial need.'" Id. at 8. When put into context, however, this quote, which originates from Robbins, does not require that a spouse present evidence of need before a support award can be entered, as appellant now argues. Indeed, in Robbins, this Court cautioned against such an interpretation stating,

> [w]hile Code § 20-107.1(E) requires the consideration of the "needs" of the "parties," the statute does not . . . create a mathematical formula primarily reliant upon the input of financial data. Instead, § 20-107.1(E) requires only the factfinder "consider" the estimated needs of the parties. By doing so, the statute thus authorizes a flexible, commonsense approach to this aspect of the factfinding exercise.

Robbins, 48 Va. App. at 484 n.10, 632 S.E.2d at 624 n.10. Accordingly, this Court rejects appellant's argument that a spouse is always required to present specific mathematical evidence of need before she can receive spousal support under Code § 20-107.1(E).

*the manner to which the spouse was accustomed during the marriage* balanced against the other spouse's ability to pay." Miller, 44 Va. App. at 684, 607 S.E.2d at 131 (emphasis added).  In the present case, the evidence demonstrated that the parties' standard of living during the marriage included leisure activities and vacations, and appellee's testimony, when viewed in the light most favorable to appellee, demonstrates that $500 per month was insufficient to maintain her in the standard of living to which she had grown accustomed.

Therefore, after viewing the above evidence in the light most favorable to appellee, this Court cannot say that the trial court abused its discretion by awarding appellee $1,200 per month in spousal support.[2]

### B.  Attorneys' Fees and Costs

Both parties ask that this Court award their attorneys' fees and costs incurred in this appeal.  The key to determining a "proper award of [attorneys'] fees is reasonableness under all the circumstances."  Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 29 (2001).  After considering the circumstances of this case, this Court denies the parties' requests for attorneys' fees.

---

[2] Appellant also argues that the trial court abused its discretion because the evidence demonstrated that his expenses exceeded his income, making him unable to pay support, and that appellee had employment income and could thereby support herself.  In these arguments, appellant is simply pointing to the evidence that supports his position regarding the first factor of Code § 20-107.1(E).  This Court, however, does "not judge the credibility of witnesses or weigh the evidence on appeal."  Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985).  Indeed, this is particularly true when reviewing an award of spousal support on appeal, an area in which the trial court is given "broad discretion."  Robinson, 54 Va. App. at 91, 675 S.E.2d at 875.  As noted above, there is credible evidence to support the trial court's decision to award appellee spousal support, and, consequently, this Court will not reverse that award on appeal despite the presence of contrary evidence.

## III. CONCLUSION

Based on the foregoing, this Court affirms the trial court's ruling.

<u>Affirmed.</u>