COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, O'Brien and Russell
Argued by videoconference


JOHN K. LEO

v.      Record No. 0477-21-4

DANNAH A. LEO                           MEMORANDUM OPINION* BY
                                        JUDGE MARY GRACE O'BRIEN
                                        FEBRUARY 1, 2022
JOHN K. LEO

v.      Record No. 0478-21-4

DANNAH A. LEO


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Ryan M. Schmalzle (Beckman Schmalzle Georgelas & Ross, on
briefs), for appellant.

John C. Whitbeck, Jr.; Raymond S. Dietrich (Kristin E. Glenn;
WhitbeckBennett, PLLC; Raymond S. Dietrich, PLLC, on briefs),
for appellee.


John K. Leo ("husband") appeals a divorce order requiring him to pay Dannah A. Leo

("wife") monthly spousal support of $3,100 for ten years. Husband also appeals an order assigning

wife's share of his military retirement pay, contending that the court impermissibly modified the

parties' equitable distribution stipulations.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties married in 2005 and separated in 2018. After separating, they resolved certain issues pertaining to their divorce, and on December 1, 2020, the court conducted a trial on the remaining issues, including spousal support. Prior to trial, the parties executed written stipulations that were incorporated into the final divorce order. The stipulations included the parties' agreement concerning equitable distribution of property. Husband previously had served in the military, and one stipulation provided that "[w]ife shall receive 50% of the marital share of the [h]usband's DFAS retirement." The stipulations were otherwise silent on the issue of husband's military retirement pay.

The parties stipulated that wife's gross monthly income was $6,295.83, and husband's gross monthly income was $16,246.99. The court ordered husband to pay $3,100 per month in spousal support for ten years, noting the "disparate" earning capacity between the parties. The parties had two children, and the court determined that based on the children's ages and a "special circumstance" with one child for whom wife is the sole custodian, wife was "at capacity" in her ability to work outside the home. The court also observed that the parties enjoyed "a substantially high standard of living" during the marriage.

At a subsequent hearing, wife submitted a proposed order assigning to her the 50% share of husband's military retirement pay. The order included the following provisions limiting "further actions" by husband:

> 1. [Husband] is prohibited from *making any election, including merging his Military Retired Pay with another pension plan*, that in any way adversely affects the existence or amount of his Military Retired Pay or the rights of [wife] as set forth in this Order.
>
> 2. [Husband] agrees to *indemnify [wife] for any Military Retired Pay waived as a result of a disability election*. Accordingly, [husband] will pay to [wife] directly the monthly amount provided to [wife]

above, under the same terms and conditions as if those payments
were made pursuant to the terms of this Order.

(Emphasis added).

Husband objected to the language "prohibit[ing him] from making any election" and requiring him to "indemnify" wife for any retirement pay "waived as a result of a disability election." The court entered the military pay order with the disputed provisions on the same day it entered the divorce order, which provided that the military pay order was "fully incorporated herein."

ANALYSIS

I. Equitable Distribution

Husband contends the court erred by modifying the parties' stipulation concerning equitable distribution. Initially, he argues that the military pay order does not reflect their stipulation that "[w]ife shall receive 50%" because it prohibits him from changing the nature of his retirement pay and requires him to reimburse wife if he elects disability pay in lieu of retirement pay. Further, he contends that the Court did not have "jurisdiction or authority . . . under federal law" to enter the order containing the disputed provisions.

Generally, we review a court's equitable distribution award for an abuse of discretion. *Wiencko v. Takayama*, 62 Va. App. 217, 229-30 (2013). "[A] trial court 'by definition abuses its discretion when it makes an error of law.'" *Owens v. Owens*, 41 Va. App. 844, 853 (2003) (quoting *Shooltz v. Shooltz*, 27 Va. App. 264, 271 (1998)). Because resolution of the issue in this case involves statutory interpretation of both federal and state law, we conduct a *de novo* review of the court's decision. *See Dixon v. Dixon*, 71 Va. App. 709, 718 (2020).

Prior to the passage of 10 U.S.C. § 1408, military retirement could not be divided between divorcing spouses. *See McCarty v. McCarty*, 453 U.S. 210, 228-29 (1981), *superseded by statute as recognized in Howell v. Howell*, 137 S. Ct. 1400 (2017). The enactment of 10 U.S.C. § 1408

- 3 -

changed the rule and codified the circumstances under which "disposable retire[ment] pay" could be divided as property between a veteran and the veteran's spouse in a divorce proceeding. 10 U.S.C. § 1408(c)(1). However, the statute specifically excluded the division of military retirement pay waived for various reasons, including retirement pay waived for a veteran to receive disability compensation. 10 U.S.C. § 1408(a)(4)(A). Waived retirement pay may not be divided in a divorce proceeding; a former spouse is not entitled to any portion of a veteran's disability pay. 10 U.S.C. § 1408(a)(4)(A); *see also Mansell v. Mansell*, 490 U.S. 581, 594-95 (1989) (holding that the federal statute prohibits "treat[ing] as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits").

In *Howell*, the United States Supreme Court dealt squarely with the issue of dividing waived military retirement pay. 137 S. Ct. at 1402, 1406. The Court addressed whether a veteran could be ordered to indemnify, or reimburse, a former spouse for any difference in retirement pay resulting from the veteran's waiver of the benefit in favor of disability pay. *Id.* at 1406. The Court reversed an Arizona court's order requiring reimbursement, holding that "reimbursement and indemnification orders displace the federal rule [10 U.S.C. § 1408(a)(4)(A)] and stand as an obstacle to the accomplishment and execution of the purposes and objectives of Congress. All such orders are thus pre-empted." *Id.*

This Court recently applied the holding in Howell in *Yourko v. Yourko*, 74 Va. App. 80 (2021). Overruling previous Virginia cases that permitted parties to "circumvent the *Mansell* prohibition by agreement," we held that Virginia courts are prohibited from "issu[ing] orders that require . . . servicemembers to make contracts, 'guarantees,' or 'indemnification' promises to formers spouses in contravention of *Howell*." *Id.* at 96.

Here, over husband's objection, the court entered an order requiring him to "indemnify [wife] for any Military Retired Pay waived as a result of a disability election" and prohibiting

husband from making "any election . . . that in any way adversely affects the . . . amount of his Military Retired Pay." This language clearly contradicts the holding of the United States Supreme Court in *Howell*. Accordingly, we reverse the court's ruling, vacate the military pay order, and remand for entry of a new order consistent with this opinion.

## II. Spousal Support

Husband also challenges the court's ruling regarding his spousal support obligation. Code § 20-107.1(E) permits a court to order "support and maintenance for a spouse" based on certain circumstances. The statute lists the factors the court must consider before determining the "nature, amount and duration" of a support award. Code § 20-107.1(E). These factors include "income from all pension, profit sharing or retirement plans, of whatever nature;" "[t]he property interests of the parties, both real and personal, tangible and intangible;" and "[t]he provisions made with regard to the marital property under [Code] § 20-107.3." Code § 20-107.1(E)(1), (7)-(8).

Before awarding spousal support, the court is required to consider all the statutory factors and specifically identify which were significant in determining the support award. *Robinson v. Robinson*, 54 Va. App. 87, 91 (2009); *see also Fadness v. Fadness*, 52 Va. App. 833, 845-46 (2008); Code § 20-107.1(F) (requiring that orders awarding spousal support "shall be accompanied by written findings and conclusions of the court identifying the factors in [Code § 20-107.1(E)] which support the court's order"). However, the court need not "quantify or elaborate" the weight it gave to every factor. *Bruemmer v. Bruemmer*, 46 Va. App. 205, 210 (2005) (quoting *Miller v. Cox*, 44 Va. App. 674, 679 (2005)).

Here, wife's share in husband's military retirement, as reflected in their stipulation, constituted a property interest. It is, therefore, part of wife's equitable distribution award and must be considered when the court determines the appropriate amount of spousal support. *See* Code § 20-107.1(E)(8). However, the military pay order included invalid provisions prohibiting election

and requiring indemnification, which affected the value of wife's share. Because we reverse the military pay order, we must also reverse and remand the spousal support award for the court to recalculate the appropriate amount after considering the corrected military pay order.

CONCLUSION

We find that the court erred by entering a military pay order with provisions in violation of 10 U.S.C. § 1408 as applied in *Howell v. Howell*, 137 S. Ct. 1400 (2017). Additionally, as a result of the court's error, the spousal support award must be reconsidered. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*