COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Lorish and Senior Judge Annunziata
Argued by videoconference

ROBERT LEE ELLIOTT

                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 0754-21-4            JUDGE ROSEMARIE ANNUNZIATA
                                                       MARCH 1, 2022

MARY ELLEN BAILEY ELLIOTT

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

Demian J. McGarry (Curran Moher Weis, P.C., on brief), for
appellant.

Juli M. Porto (Blankingship & Keith, P.C., on brief), for appellee.

Robert Lee Elliott (husband) appeals the circuit court's final order of divorce awarding

Mary Ellen Bailey Elliott (wife) $2,000 per month in spousal support. Husband argues that the

circuit court erred by awarding wife spousal support because wife introduced "no evidence of her

need." He further argues that the court erred in applying the statutory factors governing support

because wife provided "no evidence of obligations, needs, or financial resources as required under

Code § 20-107.1(E)(1)." For the reasons stated below, we affirm the circuit court's judgment.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

*Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App.

255, 258 (2003)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties met in 1998 while attending George Mason University. In 1999, wife graduated with a degree in psychology, and husband was commissioned in the United States Army. The parties married in 2001 and had two children, born in 2010 and 2011. In 2003, the Army stationed husband in Germany. Wife moved to Germany with husband, where she worked as a substitute teacher and with the Army Communications Service. In 2006, 2008, and 2011, the Army relocated husband to San Antonio, Texas, El Paso, Texas, and Fort Leavenworth, Kansas, respectively. In 2013, the Army relocated husband to Springfield, Virginia, where the parties presently live. Husband served over twenty years in the Army before retiring in 2020. Wife struggled to obtain permanent employment or complete a master's degree program during their marriage because of their frequent moves, which delayed her career and eliminated the possibility for retirement pensions.

At the beginning of the marriage, wife read "spouse's books" provided by husband to familiarize herself with the military. She volunteered with Army community service, attended classes in Army family team building, and held family readiness group leader positions. Generally, wife maintained the home and fully supported husband's career. She managed the home's finances, eliminating the parties' pre-marital debts and leaving them debt free. She also participated in financial counseling for soldiers. Her contributions to the family's finances through sweat equity included the work she did to paint the house and refinish and build furniture. The parties enjoyed a comfortable standard of living and took expensive trips to places such as Grand Cayman and Europe. They also regularly paid off car loans early and maintained a minimum $10,000 checking account balance. In addition, the parties saved between $3,000 to $5,000 per month and contributed the maximum amount to Roth IRAs.

In 2019, husband received a pacemaker and obtained a 100% "disability rating," 60% of which was from post-traumatic stress disorder and a traumatic brain injury. After obtaining the

disability rating, husband left the marriage and told wife he had done "everything to ensure [she] would never see a penny of [his] retirement." Husband elected to receive a lower amount of Combat Related Special Compensation as his retirement, which prevented wife from receiving any portion of it in the divorce.

In 2019, wife worked at Fort Belvoir Community Hospital, earning approximately $97,848 per year, but she was terminated after she repeatedly accessed husband's private health information without permission. Husband filed a HIPAA complaint with wife's employer shortly after wife filed for divorce and for *pendente lite* support. At the time of the support hearing, wife worked as a licensed clinical social worker earning $74,000 per year. Husband worked for a defense contractor; his salary and military retirement benefits totaled approximately $240,000 per year.

Wife sought $2,500 per month in spousal support. She testified that although her budget had not suffered a deficit since she and husband separated, she had been unable to make any contributions to her Roth IRA or savings. Wife had prepared an income and expense statement for trial but testified that it was "bogus" because it did not account for certain expenses, including state taxes, a car payment, liquid savings, medical expenses, family pet costs, and gymnastics fees for the parties' children. Wife testified that she needed support from husband "to make ends meet" and maintain the "standard of living" she had during the marriage. Wife did not introduce the income and expense statement into evidence during her case-in-chief but asked the court to reopen the record and admit the exhibit. The circuit court denied wife's request.

After considering the factors enumerated in Code § 20-107.1, the court awarded wife $2,000 per month in spousal support. The circuit court based the award primarily on the obligations, needs, and financial resources of the parties, the standard of living during the marriage, the provisions made regarding marital property, the earning capacity of the parties, and the decisions regarding employment and careers made by the parties during the marriage. The court found that wife earned

approximately $74,000 per year but imputed her prior income of $97,848. The circuit court found that husband earned $236,000 per year, nearly two and a half times wife's imputed income, and that the parties had lived comfortably during the marriage. The court emphasized that wife "made the classic military wife decision not to work outside the home, but rather to support her husband's military career." The circuit court also considered that wife would not receive any of her portion of husband's military retirement.

The circuit court rejected husband's argument that wife failed to "establish need" because she did not introduce her income and expense statement into evidence. Instead, the court found that an income and expense statement was not the "exclusive method" of proving need and credited wife's testimony concerning her finances since the parties separated. The circuit court found that wife testified that she desired to maintain the marital standard of living and that husband had the ability to pay. The court concluded that because wife testified regarding need, husband's argument regarding the income and expense statement affected the weight of wife's evidence, not whether any evidence of need was introduced. Thus, the circuit court specifically found that "wife testified as to her need . . . she established need." This appeal follows.

ANALYSIS

Each of husband's assignments of error challenges the circuit court's award of spousal support to wife on the ground that she failed to establish "need." First, he argues that the circuit court erred by awarding wife support because she "introduced no evidence of her need." Next, he asserts that the court erred in applying Code § 20-107.1's factors because wife "provided no evidence of the obligations, needs or financial resources of the parties." Finally, he maintains that the circuit court erred because the evidence established that she "had no need for spousal support."

Our review of the circuit court's spousal support award is governed by familiar principles. "The trial court has "'broad discretion in setting spousal support and its determination will not be

disturbed except for a clear abuse of discretion.""" *Wyatt v. Wyatt*, 70 Va. App. 716, 719 (2019) (quoting *Giraldi v. Giraldi*, 64 Va. App. 676, 681 (2015)). That discretion extends to "the 'nature, amount and duration' of the award." *Robinson v. Robinson*, 54 Va. App. 87, 91 (2009) (quoting Code § 20-107.1(E)). Under the abuse of discretion standard, a court has a "range of choice," and "its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Galiotos v. Galiotos*, 300 Va. 1, 10 (2021) (quoting *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Thus, only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)).

In determining an appropriate spousal support award, a trial court "must consider all the factors enumerated in Code § 20-107.1(E)." *Robinson*, 54 Va. App. at 91 (quoting *Fadness v. Fadness*, 52 Va. App. 833, 846 (2008)). Relevant here, those factors include the "obligations, needs and financial resources of the parties," "the standard of living established during the marriage," "the duration of the marriage," the "contributions, monetary and nonmonetary, of each party to the well-being of the family," and the "provisions made with regard to the marital property." Code § 20-107.1(E). Moreover, it is well-established that "[a] party seeking spousal support bears the burden of proving all facts necessary for an award, including evidence of financial need." *Robbins v. Robbins*, 48 Va. App. 466, 481 (2006). Although "a trial judge must consider all the factors" enumerated in Code § 20-107.1 when determining an appropriate amount of spousal support award, "the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" *Pilati v. Pilati*, 59 Va. App. 176, 183 (2011) (quoting *Duva v. Duva*, 55 Va. App. 286, 300 (2009)). Instead, "[w]hat weight, if any, to assign to [each] factor in the overall decision lies within the trial court's sound discretion." *Id.* (alteration in original) (quoting *Robbins*, 48 Va. App. at 481).

Upon review of the record, we conclude that the evidence established wife's need for spousal support. Notwithstanding wife's failure to submit an income and expense statement, the circuit court correctly held that such evidence was not the "exclusive method" available to wife to establish need. Indeed, nothing in Code § 20-107.1(E) or our case law dictates *how* a party must demonstrate need for support. *See Robbins*, 48 Va. App. at 484 n.10 (holding that Code § 20-107.1(E) "requires only the factfinder to 'consider' the *estimated needs* of the parties" (emphasis added)).[1] Here, the evidence established that, during the marriage, the parties saved between $3,000 and $5,000 per month and contributed the maximum amount allowed within tax limits to the IRAs, up to $450 per month. Wife testified, however, that since the parties separated, she had been unable to make any contributions to retirement accounts or savings. Further when all of her expenses were accounted for—including taxes, a car payment, medical expenses, family pet costs, and gymnastics fees for the children—she needed support from husband "to make ends meet" and maintain the "standard of living" she had enjoyed during the marriage.

Husband criticizes wife's testimony as "speculative" because she failed to provide exact figures for her expenses. But Code § 20-107.1(E) only "requires . . . the factfinder to 'consider' the *estimated needs* of the parties." *Id.* (emphasis added). In addition, it is well-established that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Koons v. Crane*, 72 Va. App. 720, 741 (2021) (quoting *McKee v. McKee*, 52 Va. App. 482, 492 (2008) (*en banc*) (alteration in original)). After weighing all the evidence in this case, the circuit court credited wife's testimony concerning her post-separation finances and found that she had

_____

[1] Husband concedes that there are "other means to establish need" beyond an income and expense sheet.

- 6 -

established need. Husband points to nothing in wife's testimony that was so unworthy of belief as to render it inherently incredible as a matter of law. Thus, we may not disturb the circuit court's credibility determination on appeal. *Id*.

In addition, the circuit court made numerous findings regarding the other Code § 20-107.1(E) factors that support its award of spousal support to wife. The court found that the parties had maintained a comfortable "standard of living . . . during the marriage," which included multiple "nice trips." The court emphasized wife's nonmonetary contributions to the marriage, finding that she "made the classic military wife decision not to work outside the home, but rather to support her husband's military career." Also significant to the circuit court were wife's career decisions and the distribution of the marital property, which left wife with "no retirement other than her share of the marital portion of the husband's military retirement." Each of the above findings is founded upon credible evidence, viewed in the light most favorable to wife, and warrants the circuit court's spousal support award to her.

After weighing the evidence and considering each of the Code § 20-107.1(E) factors, the circuit court awarded wife $2,000 per month in spousal support, approximately half of what the parties contributed to savings each month during the marriage. *See Robinson*, 54 Va. App. at 97 (affirming a spousal support award that exceeded the amount strictly "*needed* . . . to maintain [wife's] marital standard of living" when the award was based on the totality of Code § 20-107.1(E)'s factors (emphasis added)). That award was well within the circuit court's "range of choice," and "not influenced by any mistake of law." *Galiotos*, 300 Va. at 10 (quoting *Landrum*, 282 Va. at 352). Moreover, there is no evidence in this record that the court did not consider a relevant factor, considered an irrelevant or improper factor, or committed "a clear error of judgment" when considering all the appropriate statutory factors, which required only an estimate of

wife's needs. *Id.* at 11 (quoting *Landrum*, 282 Va. at 352). Therefore, under our standard of review, we cannot say that the circuit court abused its discretion.

Wife seeks an award of attorney fees and costs in this appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons*, 72 Va. App. at 743 (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). Although wife prevailed in this appeal, we find that each party shall be responsible for their own fees and costs. Thus, we decline wife's request.

Accordingly, we affirm the circuit court's award of spousal support to wife.

*Affirmed.*